Arnold L. Fein, J.
In this article 78 proceeding, petitioners, who successfully passed examination PE6512 for promotion to Lieutenant in the Police Department of the City of New York, seek an order enjoining the Department of Personnel and the Civil Service Commission from rerating the answer sheets of any persons who took the examination, except for those covered by an order of this court, dated October 7, 1969 (Gomez, J.), in a proceeding entitled Amendola v. Hoberman (Sup. Ct., New York County, Index No. 14157/68).
Shortly after the examination was originally graded, one Louis Amendola and others who had taken the examination *967 (“the Amendola petitioners”) commenced a proceeding for a declaration that certain answers given by them to questions on the examination were as good as or better than those selected by the Civil Service Commission (see Matter of Acosta v. Lang, 13 N Y 2d 1079). Petitioners in this proceeding intervened in the Amendola proceeding and opposed the granting of the relief demanded therein.
The order of Justice Gomez in that proceeding sustained in part the petition of the Amendola group and ordered the city to rerate the answer sheets of the Amendola petitioners.
The commission not only complied with the order as to the Amendola petitioners, but also, on its own initiative, rerated the answer papers of all persons who took the examination, including those who were not parties to the Amendola proceeding.
The present petitioners, joined by the Amendola petitioners, now contend that those examinees who did not join in the Amendola petition are not entitled to receive credit for the answers now ruled to be correct by the order of Mr. Justice Gomez in the Amendola lawsuit, because they did not timely commence or join in a proceeding challenging the propriety of the original rating.
Petitioners rely on Matter of Spatz v. Hoberman (N. Y. L. J., July 5, 1967, p. 8, col. 8, Postee, J., affd. without opn. 29 A D 2d 846). In Spats, there had been a prior proceeding which resulted in an order similar to the Amendola order here involved. Following the order literally, the commission rerated the answers of only those candidates who were petitioners in the original proceeding. The Spats petitioners, consisting of examinees who did not join in the original proceeding, thereupon commenced their own new and separate proceeding in an attempt to compel the commission to rerate their answers. The basic issue of whether the commission’s action, in granting credit only to those covered by the original order, was arbitrary and capricious was never reached. Instead, the Spats petition was dismissed as untimely brought, pursuant to CPLR 217, the commission having raised the bar of the short Statute of Limitations.
In Velardi v. Lang (Sup. Ct., N. Y. County, Index No. 17977/ 64), also relied on by petitioners, although the record is not too clear, the judgment entered on September 22, 1967, based upon the resettled order of Justice Fuyítín", dated September 13, 1967 (affd. without opn. 31 A D 2d 891) appears to direct that credit be granted only to the examinees whose petition, was timely *968 brought and denied to the belated petitioners because they were barred by the short Statute of Limitations provision of CPLR 217, then relied on by the commission.
Neither Velardi nor Spats has relevance here.
In those cases the court never reached the question of whether the commission’s action was arbitrary and capricious or otherwise illegal with respect to the belated petitioners, to whom the commission denied credit afforded to others pursuant to court orders. The court was precluded from the inquiry because of the bar of the short 'Statute of Limitations.
In the case at bar, all examinees were granted credit by the commission, including those who did not join in the Amendola petition, despite the fact that the order in the Amendola proceeding, by its terms, only directed rerating of the examinations of the Amendola petitioners. The result was that all examinees were rated by the same standard, manifestly a fair and reasonable procedure.
It is not controlling that the relief granted by the Amendola order was limited to the petitioners in that proceeding. Nor is it of any consequence that the examinees who did not join in the Amendola petition might have been unable to compel the commission to afford them the same relief because of the bar of the Statute of Limitations as against them. Equally unavailing is the stipulation in the Amendola proceeding, now said to protect the Amendola petitioners against the commission’s action here under attack. The court does not read the stipulation as precluding such action by the commission. Moreover, the issue is not the integrity of the stipulation. It is the integrity of the examination. The commission has acted with commendable equity and fairness toward all candidates involved in this proceeding. That such a procedure is said to be unusual is hardly a valid ground for attack.
Matter of Achtenberg v. Hoberman (N. Y. L. J., Dec. 7, 1967, p. 17, col. 2, Tierney, J.) involved an examination for the position of Captain in the Police Department of the City of New York. Those candidates who successfully challenged the examination sought to enjoin the city from extending the same credit for the answers found to be correct to all persons who took the test, irrespective of whether they had joined the court action. Their claim was held to be without merit in a carefully reasoned opinion.
The Rules and Regulations of the Classified Civil Service of the City Civil Service Commission (rule TV, § V, subd. 4.5.4), provide, in part: “ the commission, at any time prior to the *969 establishment or during the existence of an eligible list, may correct any manifest error or mistake made in connection with an examination, on its own initiative or in the granting of a claim of manifest error or mistake. The nature of such manifest error or mistake shall be set forth in its minutes. ’ ’
This regulation, authorizing the commission to reevaluate and/or rerate an examination, is not so vague or imprecise as to be unenforceable. Here the commission, on its own initiative, reevaluated and rerated the answer sheets of all persons who took the examination. Petitioners contend there was no “ manifest error or mistake” warranting correction. There is no need for argument over semantics. An order of this court directing the Civil Service Commission to accept alternate answers as to some examinees surely creates a situation warranting the same relief as to all examinees on the ground of “ error or mistake ”.
It is the avowed purpose of the civil service system and competitive promotional examinations to insure that only the best qualified individuals shall be employed by government, especially in a position of such great importance and responsibility as a Lieutenant in the Police Department. If the determination of which individual is superior is to be based upon his ability as demonstrated in a competitive examination, all examinees should be rated by the same standard. The ability to perform as a police lieutenant cannot and should not be determined on the basis of whether or not the candidate decides to commence or participate in a lawsuit.
Where an answer is ruled, by a court, to be correct for one examinee, it is correct when given by any and all examinees. (Matter of Dolan v. Krone, 17 N Y 2d 912, modfg. 16 N Y 2d 917, revg. 22 A D 2d 234.) To rule otherwise would render the entire purpose of promotional examinations void and meaningless.
The claim by petitioners and by the Amendola petitioners that they have been prejudiced is without merit. As stated by Justice Tierney in Achtenberg {supra): “ The fact, as urged by petitioners, that in other unrelated promotion tests, respondent refused to give credit to non-protesting candidates, as to whom the statute of limitations had run is of no significance in this proceeding. Respondent is not adopting two separate and conflicting positions with respect to the same test.”
Nor does the failure or refusal of the respondents to rely on the Statute of Limitations constitute prejudice. The statute is not a bar unless pleaded. Prejudice might well accrue to *970 the people of the City of New York if the determination as to who should be a police lieutenant were based on who was more diligent in commencing a lawsuit rather than passing a promotional examination. Diligence in the pursuit of legal remedies may well warrant a reward when private rights are sought to be vindicated. Here we deal primarily with the public’s right to get the best available under the prescribed procedures.
Petitioners have failed to show that the action of respondents was in any way arbitrary or capricious. Respondents acted in an eminently fair, reasonable and prudent manner, attempting to achieve equality in treatment. Accordingly, the application is denied and the petition is dismissed.