Charles A. Loketo, J.
This is an article 78 proceeding brought by members of the New York City Police Department, who are Sergeants and who have taken the June 24, 1967 promotional examination, hereinafter referred to as “ PE 6512 ’ ’, for the position of Lieutenant in the New York City Police Department. It is opposed by the respondents, Department of Personnel, Civil Service Commission of the City of New York, hereinafter called£ £ Personnel ’ ’, and Howard ft. Leary, as Police Commissioner, Police Department of the City of New York, and also opposed by a group of Sergeants who did not take “ PE 6512 ”, as intervenors-respondents. These are persons who took a promotional examination to Lieutenant on February 28, 1970 (PE 9580), and await the establishment of its list.
The relief petitioners seek in this proceeding is to revive the ££ PE 6512 ” list, to extend its duration for two years from and after November 21,1969, and for other related relief.
An outline of the facts and circumstances prior to and subsequent to the ££ PE 6512 ” that are necessary in order to determine the instant proceeding is as follows: The amended notice of ££ PE 6512 ” dated June 20,1967 stated, amongst other things that' ‘ ‘ The ■ eligible list resulting from this examination will expire two years from the date it is established.” The examination took place on June 24,1967. On May 6,1968 a ££ PE 6512 ” list was established which was comprised of 401 names and listed those on the list in order of final grade.
*52 Thereafter, on or about June 26, 1968, an article 78 proceeding was brought by some examinees who failed the examination and would not be eligible for appointment, hereinafter referred to as “ Amendola ” petitioners, challenging the constitutionality of the list as established. In a prior proceeding under the title of Amendola et al. (hereinafter referred to as Amendola), petitioners’ contention there was that the list as established was not competitive, not in compliance with section 6 of article V of the Constitution of the State of New York, and was a clear and open violation of the mandate of the Court of Appeals in Matter of Acosta v. Lang (13 N Y 2d 1079) which requires credit for candidates ’ answers which were 1 ‘ as good as or better than ” the answers as established. In their moving papers, the ‘ ‘ Amendola ’ ’ petitioners challenged 15 answers as established. In its answer, 1 ‘ Personnel ’ ’ conceded that five of the challenged answers were, ‘ ‘ as good as or better than ’ ’ those as established. The decision of the court on September 11,1969 ordered five further changes, making a total of 10 changes.
The order that was settled thereunder on October 7, 1969, in essence provided, as is pertinent to the instant proceedings:
(1) That the administrative decision of the City Civil Service Commission in setting the duration of the list at two years was a valid exercise of discretion.
(2) That the answer sheets of the petitioners should be rerated, and directed which questions were to be rerated.
(3) That, following the rerating of the answer sheets, “ Personnel ” is
(a) to revise the list of eligibles resulting from “ PE 6512 ” so as to provide an appropriate place on the list to those petitioners who have attained a passing mark by reason of such rerating:
(b) to certify for promotion, to existing or the next accruing vacancies in the position of Lieutenant in the New York City Police Department, each petitioner who has attained a higher place on the aforesaid revised list than a candidate on that list previously certified; and
(c) to certify for promotion to the position of Lieutenant in the New York City Police Department every other petitioner who has attained a passing mark as his place on said list is reached for certification.
In addition to said order, the attorneys for the parties therein entered into two stipulations which were “ so ordered ” by this, court.
The first, dated February 29, 1969, was “ so ordered” and entered on April 17,1970. This stipulation provides, in part as is pertinent herein, as follows:
*53 “ a. the prior list shall be revised, and such petitioner shall be placed on the revised list in accordance with the passing mark so attained by him;
“ b. in the event that such petitioner attains a position on the revised list ahead of any other candidate previously appointed, that petitioner shall be certified, in the order which such petitioner appears on the revised list, to fill the next succeeding vacancy, and any petitioner so certified and thereafter appointed shall be so appointed retroactively, for all purposes, except back pay, to the date of appointment of the previously appointed candidate most immediately following such petitioner on the revised list;
“ c. any petitioner on a revised list, other than a petitioner covered by ‘ b ’ hereof, shall be certified in such sequence as his name shall appear on the revised list, provided, however, that such list has not terminated and is still in existence.
“ d. the entitlement of a petitioner to certification pursuant to ‘ b ’ hereof shall not be adversely affected in that certification in any way whatsoever by termination or exhaustion of the original list, the establishment of any subsequent list, or the prior appointment or promotion of any other eligible.”
The second stipulation, dated July 31,1970, was “ so ordered ” and entered on August 20, 1970. This stipulation provides in part as is pertinent herein as follows:
‘11. That each of the petitioners shall be certified and considered for promotion to the rank of Lieutenant in the New York City Police Department after May 6, 1970, provided his or her rating in examination No. 6512 for promotion to Lieutenant exceeds 78.525% or his or her place on the revised eligible list therefore is above that of the name of Joseph Borelli (sic) thereon.
‘ ‘ 2. The right to certification and promotion, as aforesaid, shall not, in any way, be impaired, diminished or otherwise adversely affected by reason of the expiration of the revised list for Lieutenant, PD, the promulgation of a new Police Lieutenant eligible list, or for any other reason or cause whatsoever, and the Department of Personnel shall continue to certify the petitioners as Police Lieutenant vacancies accrue until each of the petitioners has been so certified, and the respondent leaky or his successor is authorized to appoint, or to refuse to appoint, as Police Lieutenant each of the petitioners as and when each is certified as aforesaid. ’ ’
Following the ‘ ‘ Amendola ’ ’ order the list was revised on or about November 21, 1969 to include the names of all the candi *54 dates passing the examination ranked in order of their final averages as adjusted under the terms of the said order.
It was at this point that Joseph Borelli, the last person appointed prior to the correction, became number 492 rather than number 256 on the list and his adjusted average was 78.525% rather than 78.625%.
The revised list was released on or about November 21, 1969. On the revised list all candidates who took the examination were rerated by “Personnel”. Thereafter many of the “Amendola ’ ’ petitioners sought to have the rerating only apply to the “Amendola” petitioners, in a proceeding entitled Matter of Reis v. Hoberman. Personnel’s rerating of all the candidates was sustained by the court (Matter of Reis v. Hoberman, 65 Misc 2d 966).
Thereafter on or about February 7,1970 a proceeding entitled Matter of Renzullo v. Hoberman was instituted by candidates for ‘ ‘ PE 6512 ’ ’ who were mot parties to ‘ ‘ Amendola ’ ’ or the stipulations entered into therein. These petitioners sought to extend the life of the 1 ‘ PE 6512 ’ ’ list to enhance their opportunities for certification. The decision of that proceeding amongst other things directed “ Personnel ” to “ extend the duration of the list of eligibles for at least a year from November 21, 1969 and until No. 491 on the present revised list has been certified and appointed to the rank of Lieutenant ”. (N. Y. L. J., April 21, 1970, p. 2, col. 2.) The order entered thereon was resettled. The resettled order and stipulation resulting from Renzullo (supra) provides, in part as is pertinent herein, the following: The stipulation dated June 10, 1970 provides, in part in essence as is pertinent herein, the following:
‘ ‘ 1. That each of the petitioners shall be certified and considered for promotion to the rank of Lieutenant in the New York City Police Department after May 6, 1970, provided his or her rating in Examination No. 6512 for promotion to Lieutenant exceeds 78.525% or his or her place on the revised eligible list therefor is above that of the name of Joseph Borelli (sic).
‘ ‘ 2. The right to certification and consideration for promotion., as aforesaid, shall not, in any way, be impaired, diminished or otherwise adversely affected by reason of the expiration of the revised list for Lieutenant, P.D., the promulgation of a new Police Lieutenant eligible list, or for any other reason or cause whatsoever, and the Department of Personnel shall continue to certify the petitioners as Police Lieutenant vacancies accrue until each of the petitioners has been so certified an,d the respondent least or his successor is authorized to appoint as, or refuse to appoint, as Police Lieutenant each of the petitioners as and *55 when each is certified as aforesaid. The Department of Personnel shall not certify and is enjoined and prohibited from certifying for appointment as Police Lieutenant any candidate therefor from any list established subsequent to May 6, 1970 until each of the petitioners has been certified and considered for promotion as aforesaid.
' ‘ 3. That the judgment entered herein on May 4,-1970 be resettled to provide as aforesaid, in form as annexed, and the notice of appeal from such judgment entered May 4, 1970 is hereby withdrawn.
“4. That the memorandum opinion heretofore rendered by the court herein be recalled and that such recall and withdrawal of the opinion and decision be published in the New York Law Journal forthwith and that the decision of the court be amended to read ‘ Petitioners ’ application is granted without costs. ’
‘1 5. That the annexed resettled judgment be final and binding upon all of the parties and that no appeals may be taken therefrom by either the petitioners or respondents.
“ 6. That this stipulation be subject to the approval of the court.”
The resettled order was thereafter entered and contained the same provisions as those stated in the stipulation dated June 10, 1970.
The “ PE 6512” list terminated on May 6, 1970, two years after it had been established.
On or about February 28,1970 Examination No. 9580, Promotion to Lieutenant, Police Department, was administered by the Department of Personnel. It is alleged that the eligible list resulting therefrom will be established shortly.
The relief sought herein is based on the following grounds :
I. The two-year opportunity for promotion afforded the Sergeants on the original ‘ ‘ PE 6512 ’ ’ list as compared to the much lesser period afforded the petitioners is in conflict with the uniformity of treatment and competitiveness guaranteed by section 6 of article Y of the New York State Constitution.
II. The placement of petitioners on the revised ‘1 PE 6512 ’ ’ list for a period of less than five and one-half months violates the terms of the ‘ ‘ PE 6512 ’ ’ notice of examination which expressly established a two-year list.
III. The promotion of other Sergeants after May 6,1970 pursuant to R&mullo {supra) requires the extension of the list as to the petitioners as well.
The respondents oppose the instant motion on the following grounds:
(1) The petition fails to state a cause of action.
*56 (2) The petitioners are barred by the Statute of Limitations.
(3) The petitioners are precluded from bringing this proceeding by the principles of res judicata and collateral estoppel.
(4) The procedures followed by “ Personnel ” regarding ‘1 PE 6512 ’ ’ were proper and consistent with the law.
(5) That the existing law did not require that a person’s name must appear on the ‘ ‘ PE 6512 ’ ’ list for a period of two years.
(6) That the Remullo petitioners have no greater rights than do petitioners herein.
Since this proceeding may be determined on the merits, as it should be, if possible, consideration of the technical defenses will be deferred.
In order to determine the issues presented on their merits it is necessary to examine section 6 of article V of the New York State Constitution, section 56 of the Civil Service Law and sections 2.6, 4.5.4, 4.6.1 and 4.6.6 of the New York City Civil Service Buies and Regulations,' hereinafter referred to as “ Rules and Regulations.”
Section 6 of article V of the New York State Constitution states: ‘1 Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as. far as practicable, shall be competitive ”.
Section 56 of the Civil Service Law states: “ The duration of an eligible list shall be fixed at no less than one nor more than four years. An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction. ’ ’
The Rules and Regulations of the Department of Personnel and City Civil Service Commission (hereinafter referred to as “ Rules and Regulations ”) state as follows:
‘ ‘ Rule 2.6. These rules shall have the force and effect of law.
‘ ‘ Rule 4.5.4. Except as otherwise provided by resolution or regulation of the commission, no test, subject, part or record of an examination shall be subject to review, alteration or re-rating after the ratings of the examiners have been registered or attested thereon as required. However, the commission, at any time prior to the establishment or during the existence of an eligible list, may correct any manifest error or mistake made in connection with an examination, on its own initiative or in the granting of a claim of manifest error or mistake. The nature of such manifest error or mistake shall be set forth in its minutes.
*57 ‘ ‘ Rule 4.6.1. The results of each examination shall be reported by the director of examinations to the personnel director and the names of the candidates passing such examination shall be listed in the order of their respective final examination ratings. The names of disabled and non-disabled veterans who have duly established claims to additional credits shall be reported in the manner prescribed by law. The list thus reported shall be officially established only by order of the personnel director. The date prescribed in such order shall be the date of such establishment.
“Rule 4.6.6. The duration of either an open competitive or promotion eligible list shall not be less than one nor more than four years from the date of establishment. Unless otherwise provided, an eligible list which has been in existence for one year or more shall terminate upon the establishment of an appropriate subsequent like list for the same title. Where the duration of an eligible list is fixed in the notice of examination at less than four years, the commission may, by resolution prior to the expiration date of such list extend the duration of such list up to the maximum limitation of four years, provided that such notice of examination states that such extension may be made.”
None of the petitioners in this proceeding upon rerating received a higher score than Borelli.
As a result of the rerating, there was a change in rank and standing of many of the examinees on the revised list, which petitioners ’ attorneys contend, under rule 4.6.6, became “ an appropriate subsequent like list for the same title ”, terminating the eligible list then in existence.
The construction they place upon the Civil Service Law and the Rules and Regulations would mean that any change in rank or number (whether of one name or more on an established eligible list) resulting from correction of a manifest error or mistake, of necessity brings about the establishment of a new list. And it is not inconceivable that such a process might extend beyond four years, which would render meaningless the limitation of the power of the commission to fix eligible lists between one and four years. And its power to extend the list, when in the notice of examination it is fixed at less than four years, is proscribed when the notice of examination does not state that such an extension may be made (rule 4.6.6). Such is the situation here.
The point is raised that the two-year opportunity for promotion afforded the Sergeants on the original “ PE 6512 ” list as compared to the much lesser period afforded the petitioners is in conflict with the uniformity of treatment and competitiveness *58 guaranteed by section 6 of article V of the New York State Constitution.
Pursuant to section 56 of the Civil Service Law and section 4.6.6 of the ‘ ‘ Bules and Begulations ’ ’ the amended notice of examination provided that ‘' the eligible list resulting from this examination will expire two years from the date it is established.” It is not contested that “ Personnel ” acted legally by setting the duration of the ‘ ‘ PE 6512 ’ ’ list at two years. After “Amendola ” (supra), “ Personnel ” rerated “ PE 6512 ” and revised the original list for all candidates who took “ PE 6512 ”. “ Personnel ” has the right to correct any manifest error or mistake in connection with an examination during the life of an eligible list (rule 4.5.4 of the ‘ ‘ Rules and Regulations ”). 11 Personnel’s ” right to rerate “ PE 6512 ” and issue a revised list for all candidates who took the examination was upheld in Matter of Reis v. Hoberman (65 Misc 2d 966).
After Reis (supra), “ Personnel” extended the certification benefits of the first ‘ ‘ Amendola ’ ’ stipulation to all those who were similarly situated. As a result of “ Amendola ”, Rensullo, and Reis (supra), all those candidates who had a mark higher than Borelli would be certified and considered for promotion whether or not the ‘ ‘ PE 6512 ’ ’ expired. The promotions were to be retroactive for all purposes except back pay. Those candidates who attained a mark below Borelli would remain on the list until it expired. Since Borelli was the person last appointed from the original 1 ‘ PE 6512 ’’ list, the procedure followed by “ Personnel ” was a reasonable and just one to use. Those who did better than Borelli would be considered for appointment, and those who did not would remain on the list until it expired (which was a period of about five and one-half months).
All candidates who took “ PE 6512 ” were essentially afforded the same opportunity to be considered for promotion as if their names had been on the original “ PE 6512 ” list. As pointed out by ‘ ‘ Personnel ’ ’ in its papers, had the original ‘ ‘ PE 6512 ’ ’ list been established in identical form to the revised list, the petitioners ’ herein chances of being considered for promotion would have been nil.
Section 6 of article V of the New York State Constitution provides, in part as is pertinent here, that appointments and promotions shall be made according to merit and fitness, as far as practicable, and by examination which as far as practicable shall be competitive. The procedures followed herein by ‘ ‘ Personnel ’ ’ regarding ‘ ‘ PE 6512 ’ ’ were legal, reasonable and afforded all those candidates who took “ PE 6512 ” substantial uniformity of treatment and the same competitiveness, as far *59 as practicable, as required by section 6 of article V of the New York State Constitution.
Nor did the placement of the petitioners on the revised “PE 6512” list for a period of less than five and one-half months violate the provision of the ‘1 PE 6512 ’ ’ notice of examination which expressly established a two-year list.
Section 56 of the Civil Service Law and rule 4.6.6 of the ‘1 Buies and Regulations 5 ’ authorize 1 ‘ Personnel ’ ’, amongst other things, to fix the duration of an eligible list at between one and four years. Pursuant to such authority the amended notice of examination for 1‘ PE 6512 ’ ’ provided, amongst other things, that “ The eligible list resulting from this examination will expire two years from the date it is established.” The statutory requirement pertains only to the duration of the list and not to the exposure given to an eligible. The notice of examination similarly only pertains to the duration of the list and not the exposure to be given to an eligible.
Petitioners invoke the principle of estoppel against the respondents. It is difficult to see its applicability. The respondents enjoyed no benefit from whatever they did, rather embarrassment, because of the widespread upset amongst the police officers affected and the costly litigation that followed. Nor can the court perceive any detriment suffered by petitioners, except in their claim that the duration of the list should be extended. They were on the list from the beginning and remained on it for two full years. Their numbers and places on the list were changed. That came about by reason of the regrading of all examination papers, whereby some aggrieved candidates merely received what was rightfully theirs. As a consequence, a reshuffling put all the examinees in the slots they should have had from the beginning, i.e., when the list was first established.
A companion and similar proceeding seeking the same relief as is here sought, entitled Matter of Sutherland is decided this day. The opinion therein of findings and observations shall be deemed part of this opinion and decision.
On the foregoing findings of this court, the application is denied and the petition dismissed.