### The People vs. Daniel Burns.

In construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory; and the same rule applies to words in construing sentences.

By the second section of Act No. 171 of 1857, it was not the intention of the Legis-lature, as gathered from the terms used and the other provisions of the Act, to submit the question of the organization of Bay county to the electors of Sagi-naw, Midland, and Arenac counties, but to the electors only of that portion of said counties embraced within the county proposed to be organized. And the electors of the proposed county, having voted in favor of such organization, and the subsequent steps contemplated by the Act having been taken, Bay county is properly organized.

*Heard May 18th. Decided May 21st.*

Case reserved from the Saginaw Circuit.

An indictment against defendant was found in the Court below, for perjury alleged to have been committed June 29th, 1857, at the township of Hampton. To this indictment the defendant filed a plea in abatement, that "the said supposed offense, if any such was committed, was committed within the jurisdiction of Bay county, and not within the jurisdic-tion of this Court"—upon which plea issue was taken.

This issue came on to be tried in the Court below on the 6th day of January, 1858, when the following facts ap-peared, and were agreed upon as true:

The offense is charged to have been committed in the township of Hampton, and not elsewhere. That township is in the county of Saginaw, as it existed prior to the passage of Act No. 171, Session Laws of 1857, p. 438, &c. The time alleged.in the indictment, June 29th, 1857, and no other, is the time said offense was committed, if at all. At that time the township of Hampton was in Bay county, if any such county exists; said township being within the territory named in said Act to be formed into a county by that name. In pursuance of said Act No. 171, of 1857, a vote was taken at the spring election of that year. The vote within the whole territory named in section two of said Act, viz., Saginaw, Midland, and Arenac counties, as formerly organized, resulted in a majority of votes, "Bay county, No." The result of the vote within the territory described in said Act in the first section, to ·be known and called Bay county, was as follows: "Bay county, Yes," two hundred and ninety-four votes; "Bay county, No," fourteen votes.

Said Bay county includes Arenac, and a portion of each Saginaw and Midland counties, but not so as to reduce either of them to less than sixteen townships, as surveyed by the United States.

, An election was held for county officers, at the time and in the manner prescribed in said Act, and county officers were duly elected for said Bay county, and qualified as prescribed in said Act; which election was held for and within the territory described in said first section of said Act, and under the provisions of said Act regarding said election; the canvass of votes and qualification of officers elected duly complied with; and said officers entered upon their duties as therein prescribed, on the second Monday next following the election. A place for holding the Circuit Court for said Bay county, and for county offices, was designated, as therein and by law required, and the same duly ·certified and filed in the office of the clerk.

And upon the facts so appearing and agreed upon, the

question was reserved for the opinion of this Court, Whether Bay county was, in fact, properly organized?

*John Moore,* for the People.

*W. M. Fenton,* for defendant.

MANNING J.:

The only question in this case is one of construction to be given to the statute — S. L. of 1857, No. 171. Was it the intention of the Legislature to submit the question of the organization of the new county to the electors of the territory of which it was to be formed, or to all of the electors of the several counties from which the territory was to be taken to form it? The Act is inartificially drawn, and obscure in some of its parts; and it is out of this obscurity the question before us arises.

By the first section, it is enacted "That the following described territory shall be organized into a county, and shall be known and called Bay county," — describing the territory to be included in the county.

The second section is in these words: "This Act shall be submitted to a vote of the electors of Saginaw county, Midland and Arenac counties, at the township meetings to be holden in said county, on the first Monday in April next. At said election, a ballot box shall be kept by the several boards of inspectors thereof, for receiving the votes cast for or against the approval of this Act, and on the ballots shall be written or printed "Bay county, Yes," or "Bay county, No"; and the said votes shall be examined, canvassed, and returned in like manner with the votes cast for State officers, as near as may be. And in case a majority of the said votes upon the approval of this Act shall be in favor of such approval, then this Act shall take effect upon the twentieth day of April, in the year eighteen hundred and fifty-seven; but if a majority of said votes shall be against such approval, then this Act shall not take effect, but shall be void."

The principal difficulty in the case is in the construction to be given to the first sentence of this section—"This Act shall be submitted to a vote of the electors of Saginaw county, Midland and Arenac counties, at the township meetings to be holden *in said county*, on the first Monday in April next." If the language was in said *counties*, instead of *county*, it would be clear the intention of the Legislature was, so far as it could •be gathered from this section alone, to submit the question of organization to the electors of the three counties of Saginaw, Midland, and Arenac. But we are of opinion the Legislature intended by the words "in said county" only the territory included in the first section, and therein called Bay county.

No rule is better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory,· or of no effect. The same rule applies to words, in construing a sentence. Now, if we strike out the words "in said county," it will appear the question of organization was to be submitted to the electors of Saginaw, Midland, and Arenac counties—"This Act shall be submitted to a vote of the electors of Saginaw county, Midland, and Arenac counties, at the township meetings to be holden on the first Monday in April next." But in doing this, we violate the rule above stated for the construction of statutes, and take it for granted the Legislature used the words "in said county" without attaching any meaning to them;—nay, more, to render obscure a sentence clear and unambiguous without them. We can not do the one, or suppose the other; and to give effect to these words, must construe the sentence in which they are found as meaning to leave it with the electors of Bay county alone to decide whether they would be organized into a county or not.

A transposition of the words "in said county," to another part of the sentence will make its meaning appear more manifest. If we insert them after the word "counties," the

sentence will read as follows: This Act shall be submitted to a vote of the electors of Saginaw county, Midland and Arenac counties, *in* said county, at the township meetings to be holden on the first Monday in April next.

We can see a reason for submitting the question of organizing a county to its electors, in the additional expenses such organization would impose on them. And where a new county is to be formed of the territory of organized counties, the interest the electors in such counties have in the question, may be a sufficient cause for submitting its decision to them. It is to be presumed the Legislature had one or other of these objects in view in the Act before us, and not both. If the object was to leave it to the electors of each organized county to say whether they would surrender a part of its territory for the formation of the new county, there would be something in the Act indicating such intention, and the assent of a majority of the electors in each county would have been required — the Constitution making such assent necessary when an organized county is reduced to less than sixteen townships.

Section eight is in these words: "Within thirty days after the passage of this Act, it shall be the duty of the Secretary of State to transmit by mail to the township clerk of the township of Hampton a certified copy of this Act."

Why was not a copy of the Act sent to the organized counties, as well as to the clerk of the township of Hampton, which is in Bay county, if they were supposed to be interested in the question submitted by the Act?

It must be certified to the Circuit Court for the county of Saginaw, as the opinion of this Court, that judgment should be given for the defendant on the plea in abatement.

The other Justices concurred.