KILLINGSWORTH *v.* POLICE AND FIRE DEPARTMENT
CIVIL SERVICE COMMISSION OF THE CITY
OF SAGINAW.

1. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—CIVIL SERVICE.
    Statute requires that promotions in city police departments be
    governed by a civil service commission and by the regula-
    tions made by the commission (CL 1948, § 38.501 *et seq.*, as
    amended).

2. SAME—CIVIL SERVICE—POLICE DEPARTMENT—ELIGIBILITY FOR PRO-
    MOTION.
    No person may take a competitive examination for promotion
    to a higher grade within a city police department unless he
    has been in his present job at least 2 years (CL 1948. § 38.512,
    as amended by PA 1965, No 298).

3. SAME—CIVIL SERVICE—POLICE DEPARTMENT—FILLING OF POSI-
    TIONS.
    All positions in a local police department not filled by reinstate-
    ment or reduction must be filled from a list of eligible candi-
    dates listed in the order in which they score on a competitive
    examination, the eligible list following each examination to
    remain in effect for 2 years (CL 1948, § 38.511, as amended
    by PA 1956, No 162).

4. SAME—CIVIL SERVICE—POLICE DEPARTMENT—PROMOTIONS—ELIGI-
    BLE CANDIDATES.
    It is not required by firemen and policemen civil service statute
    that continuous lists be maintained of those eligible for promo-
    tion within a city police department.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Service § 12.
[2–6] 15 Am Jur 2d, Civil Service §§ 22, **32**.
[7] 50 Am Jur, Statutes § 234.
[8] 50 Am Jur, Statutes §§ 352, 358, 359.

5. SAME—CIVIL SERVICE—POLICE DEPARTMENT—ELIGIBILITY FOR PROMOTION.

The 2-year period for which a list of those eligible for promotion in police civil service remains effective must begin on the date the list is established following an examination, and it cannot be set back to an earlier date for the purpose of giving the eligible list an appearance of continuity since this would make the list effective for less than 2 years from its date of issue; therefore any person who has had 2 years in his present job at the time a test is given to establish an eligibility list for the next higher grade is eligible to take that test even though he did not have 2 years at his present job when the previous list of those eligible for promotion expired.

6. SAME—CIVIL SERVICE—POLICE DEPARTMENT—PROMOTIONS—COMPETITIVE EXAMINATION—NOTICE.

Notice that a competitive examination will be given for appointment to a certain position in police civil service does not meet statutory requirements if it does not contain the date of the examination (CL 1948, § 38.512, as amended by PA 1965, No 298).

7. STATUTES—CONSTRUCTION.

Words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise that a different sense was intended.

8. SAME—CONSTRUCTION.

One part of a statute must not be construed so as to render another nugatory and the same rule applies to words in construing a sentence.

Appeal from Saginaw, Borchard (Fred J.), J. Submitted Division 3 February 7, 1967, at Grand Rapids. (Docket No. 3,684.) Decided July 22, 1968.

Complaint by Marvon R. Killingsworth against the Police and Fire Department Civil Service Commission of the City of Saginaw, Michigan, for declaratory judgment that plaintiff is eligible to take a competitive examination for promotion within the Saginaw Police Department, and for a mandatory

injunction ordering the defendant to allow the plaintiff to take any tests or examinations given to establish eligibility lists for promotion within said department. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kerr & Stroebel,* for plaintiff.

*Lowell J. Terrill,* Assistant City Attorney, for defendant.

G. E. Bowles, J. Plaintiff has been a member of the police department of the City of Saginaw for over 20 years. Defendant police and fire department civil service commission is a body established pursuant to CL 1948, § 38.501 *et seq.,* as amended (Stat Ann 1958 Rev § 5.3351 *et seq.*).

Promotions in the department are covered by CL 1948, § 38.501, *et seq.,* and the rules and regulations of the civil service commission under that act. The commission conducts competitive examinations from among persons with at least five years in the department and at least two years in the next lower rank in order to establish an eligible list. The person scoring highest is placed at the head of the list, the person scoring second highest is the next one on the list and in like manner the others appear on the eligible list. Vacancies in the rank for which the examination is given are then filled from the eligible list.

On May 21, 1962, the commission was considering whether it should create eligible lists only when a vacancy occurred for which no eligible list existed, or whether it should maintain continuous lists by creating one whenever the existing list became depleted or whenever it expired. On that date the commission decided a continuous list would be main-

tained.  Defendant claims that this policy has remained constant although in some instances eligible lists were not maintained continuously because there was a lapse of time between the expiration of the old list and certification of the new.  The city administration and the city attorney's office were not in agreement that a continuous list should be maintained.

At the time of taking testimony Jack J. Houk, acting clerk of the defendant civil service commission, stated:

"*Q. (By Mr. Kerr, continuing)* So that the policy that was supposedly established by the Commission on May 21, 1962, wasn't in fact, followed as far as the last two lists for sergeant and lieutenant in the police department; isn't that true?
"*A.* That's true.
"*Q.* In other words, the eligibility lists were not made retroactive so that they ran for successive periods of time?
"*A.* That's correct."

Mr. Houk further testified as to consecutive eligible lists:

"*Q.* Mr. Houk, regardless of what the commission's policy was as to consecutive lists, their practice hasn't followed policy?
"*A.* That—except in recent months.  Except in recent months.
"*Q.* And you were the clerk that was at the hearing, Mr. Killingsworth's hearing when we appeared before in front of the civil service commission and their sole basis for denial of his request to take the examination was that they were going to use the date of August 13, 1965, which was the expiration date of the last captain's list as the date upon which to determine eligibility to take the present examination?
"*A.* That's correct.

"*Q.* And the reason they were going to use that date and the only reason was that they were going to back-date this examination all the way from August 1966, back to August of 1965.

"*A.* That's correct.

"*Q.* And that is the only reason that the date of August 13 was selected by the commission as the date upon which to determine who was eligible to take the present examination? Isn't that correct?

"*A.* That is correct. Their policy was to maintain continuous lists."

Plaintiff was promoted to the rank of lieutenant on June 30, 1964 and would not be eligible for appointment to the rank of captain until he had served two years as lieutenant.

On August 13, 1965 the eligible list for promotions to the rank of captain expired and in September the clerk of the commission resigned. Mr. Kressbach acted as clerk until November 29, 1965, when he was succeeded by Mr. Houk. In February, 1966, the commission became aware that the old eligible list had expired but no action was taken to establish a new list until March 28, 1966 when notice of examination for promotion to captain was posted. The notice established the date for filing applications for the examination as March 28, 1966, to April 15, 1966. Plaintiff did not apply for admission to the examination during this period. A tentative date apparently was established for the examination but no definite date was actually posted. Defendant claims that normally examinations are scheduled two weeks from the deadline date for filing applications. But for the commission's review of its policy this examination would have been given within the two-week period following the April 15th deadline.

On April 21, 1966, the commission clerk urged the commission not to give an examination until a vacancy occurred in the rank of captain. The com-

mission at that time reaffirmed its prior ruling of maintaining continuous lists based upon its understanding of a 1962 Attorney General's opinion.

On June 10, 1966, the clerk sent the commission a 1963 Attorney General's opinion (OAG, 1963–1964, No 4158, p 114) ruling that it is unnecessary to maintain continuous eligible lists. The commission resolved the policy question on July 7, 1966, reaffirming its earlier ruling and ordering the examination, which was then scheduled for July 27, 1966. On June 30, 1966, plaintiff became eligible for promotion to the rank of captain since he had then served two years as a lieutenant. He immediately requested an application to take the examination and the request was denied.

Plaintiff secured an order temporarily restraining defendant from proceeding with the examination and on an order to show cause why a preliminary injunction should not be issued he prevailed. On July 27, 1966, plaintiff filed a demand for hearing before the commission, and on the next day the commission ruled that since plaintiff was not eligible on August 13, 1965, the date of expiration of the last eligible list, he could not take the examination. Since the eligible list created by the examination would cover the two-year period from August 13, 1965, to August 13, 1967, he was advised that he could write the examination which was to be held in August, 1967.

Thereupon plaintiff filed an amended and supplemental complaint to determine whether he was eligible to take the examination. The matter was submitted on briefs, and the parties further agreed that plaintiff would be permitted to take the written examination but that his paper would be sealed and held by the commission pending final disposition of the suit. The trial judge ruled that plaintiff

was eligible to take the examination on August 5, 1966, and that to allow defendant commission to arbitrarily select a period of time within which to file applications and to limit admission to an examination to persons who at that time were eligible could result in systematic exclusion of any number of persons who might otherwise be eligible. The court further ruled the commission need not maintain continuous lists and that it could not use the expiration date of the last eligible list to determine who had the required time in the department and in grade, and therefore could not exclude plaintiff from the examination in question on this basis. Specifically, it was held that eligible lists could not be dated from a time prior to the examination but must run from two years from the date the lists are established.

The civil service act was enacted to provide a civil service system based upon "examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men." CL 1948, § 38.501 et seq., as last amended by PA 1956, No 162 (Stat Ann 1958 Rev § 5.3352 et seq.). Stated generally, the purpose of the statute is to aid the public by establishing better qualified personnel in the police and fire departments and to protect its officers and employees from arbitrary and unjustifiable removal. This act prohibits any person from being "appointed, reinstated, promoted or discharged" as a paid member of a department in any manner and by any means other than those provided by the act.

The two paragraphs under review are sections 11b and 11c of CL 1948, § 38.511 (b) and (c), as amended by PA 1956, No 162 (Stat Ann 1958 Rev § 5.3361[b] and [c]).

"(b) Every position, unless filled by reinstatement, shall be filled only in the following manner:

The appointing officer shall notify the civil service commission of any vacancy in the service which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the eligible list, the name of the person who received the highest average at preceding examinations held under the provisions of this act within a period of 2 years next preceding the date of such appointment. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidate, make the appointment so certified. As each subsequent vacancy occurs, precisely the same procedure shall be followed. When an appointment is made under the provisions of this section, it shall be, in the first instance for the probationary period of 6 months, as provided in this act. The term 'appointing officer' as used in this act shall be construed to mean the mayor or principal administrative or executive officer in any city, village or municipality."

"(c) Whenever there are urgent reasons for filling a vacancy in any position in the fire or police department and there is no list of persons eligible for appointment the appointing officer may nominate a person to the civil service commission for a noncompetitive examination; and if such nominee shall be certified by the said commission as qualified, after such non-competitive examination, he may be appointed temporarily, to fill such vacancy until a selection and appointment can be made after a competitive examination, and in the manner prescribed in this act; but such temporary appointment shall not continue for a longer period than 3 months, nor shall successive temporary appointments be made to the same position, under this provision. In the event of an emergency due to a war in which our country is involved, the civil service commission may make temporary appointments to fill vacancies, when appointments cannot be made under the provisions of this act, such appointments to be temporary, and only during hostilities, and 6 months thereafter."

The sense of 11(b) is that the appointing officer notifies the civil service commission of a vacancy and asks for certification of eligibles. The commission then certifies from the eligible list the person who has received the highest average at the competitive examination within a period of two years next preceding the date of appointment. The appointing officer is then under the clear mandate of the statute to appoint "with sole reference to the relative merit and fitness of the candidate." The appointment is probationary for six months.

Once an employee has won a position on the eligible list he remains on that list for two years unless he receives an appointment. Stated simply, the eligible list is good for two years unless it is exhausted through appointments. The commission cannot reduce the period for which the eligible list is good; two years is the period during which a candidate who has won a place on the list remains eligible for consideration for appointment in the event a vacancy occurs.

What is the meaning of subsection (c)? When there is no list available and when there are urgent reasons for filling a vacancy, the appointing officer may nominate a person to the commission for a noncompetitive examination, and if that person is certified as qualified, he may be appointed temporarily until selection and appointment can be made after the giving of a competitive examination. Such an appointment is limited to a period of three months, and the statute clearly prohibits successive temporary appointments to the same position.

There is a further provision in subsection (c). In the event of an emergency due to war in which our country is involved the civil service commission may make temporary appointments to fill vacancies, when appointments *cannot* be made under the provi-

sions of the act, that is, when an eligible list has been exhausted. This provision for emergency appointment limits the appointment to a period. of six months.

What the law requires and what is good policy must be distinguished. The better policy is to maintain continuous eligible lists. When the two year period for a given eligible list ends, ideally, another eligible list should be available for use should a vacancy occur. Such a policy would best effectuate the laudable purposes of the act. But that act does not positively require that continuous lists be maintained.

Defendant commission did not maintain continuous lists, presumably because of a difference of opinion as to what was required under the statute and the opinions of the attorney general. Since defendant commission did not maintain continuous lists it may not use a policy of continuous lists in the disposition of plaintiff's application. Specifically, in fairness and in law it could not use the date of August 15, 1965, the date of expiration of the prior eligible list, as an eligible date for the examination here, under the facts of this case. Plaintiff did have the required time in the department and in grade before the examination here was given.

An eligible list, then, is good for two years unless it is exhausted by appointments, and the two-year period begins when the eligible list is established following examination.

CL 1948, § 38.512, as amended by PA 1965, No 298 (Stat Ann 1968 Cum Supp § 5.3362) as to required notice of examination provides:

"(a) Notice of the time and place and purpose of every examination shall be given by the commission by publication for 2 weeks preceding such examination in the official paper of the city, village or

municipality and such notice shall be posted by the commission in a conspicuous place in the office and on the bulletin boards of the city, village, or municipality for 2 weeks before such examination. Such further notice of examinations may be given as the commission shall prescribe; but in an examination for a promotion no newspaper advertisement shall be required."

. The record shows that the date of the time of the examination was not stated in the notice that was given since the commission had not yet set the date for the examination. The date was not finally determined until July 7, 1966. The notice defendant provided did not meet the requirements of the statute.

As to the acceptance of an application for admission to the examination it is provided by CL 1948, § 38.510(a), as amended by PA 1956, No 162 (Stat Ann 1958 Rev § 5.3360):

"(a) The civil service commission, in each city, village, or municipality shall require persons applying for admission to any examination provided for under this act or the rules and regulations of the said commission, to file in its office, within a reasonable time prior to the proposed examination, a formal application."

The testimony of Mr. Houk as to the normal period of time given to make application for examination was:

"*Q.* All right. Now what is the normal period of time you give to make application prior to the time of holding the exam itself?

"*A.* We are required to post the—accept application for a minimum of 14 days, and after the applications are—after the deadline for filing applications we normally would schedule an exam within two weeks from this date.

"*Q.* So that if on July the 7th, of 1966, it was finally determined that the exam was going to be given the 27th of July you would have had sufficient time within which to allow new applications and re-advertised for applications to take the examination?

"*A.* Yes.

"*Q.* But in this particular case, you did not do that?

"*A.* That is correct."

Under the defendant's eventual determination as to when the examination was to be given, namely July 7, 1966, sufficient time remained in which to allow the plaintiff to make proper application.

It has been held consistently that words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise in the statute that a different sense was intended: *Hammons* v. *Franzblau* (1951), 331 Mich 572. In *Melia* v. *Civil Service Commission* (1956), 346 Mich 544, 562, the Supreme Court quoted with approval *People* v. *Burns* (1858), 5 Mich 114, 117:

"No rule is better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory, or of no effect. The same rule applies to words, in construing a sentence."

The trial judge properly interpreted CL 1948, § 38.511(b) and (c), as amended by PA 1956, No 162 (Stat Ann 1958 Rev § 5.3361) and, under the facts, his conclusion was correct.

Affirmed.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.