SMALL *v* SAGINAW CITY MANAGER

MASON *v* SAGINAW CITY MANAGER

1. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—CIVIL SERVICE—FILLING OF POSITIONS—STATUTES.

> The provision of the firemen and policemen civil service act allowing an appointing officer to fill or to refuse to fill positions in a municipal police department applies to both the filling of new positions and the filling of vacant positions (MCLA 38.511[6]).

2. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—CIVIL SERVICE—FILLING OF POSITIONS—DELAY.

> The city manager or principal administrative officer of a city may delay filling vacancies in a municipal police depart-

<hr>

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 15 Am Jur 2d, Civil Service § 20 *et seq.*

ment which is subject to civil service regulation without being in violation of statutory requirements, because, consistent with his power to revise, alter, and reconstruct departments, including the abolition of positions, he has no clear duty to fill vacancies at all (MCLA 38.511[6]).

3. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—CIVIL SERVICE—
   FILLING OF POSITIONS—STATUTES.
   The provision in the firemen and policemen civil service act referring to the filling of vacant positions from eligibility lists is controlled by the section of the act specifically covering the filling of positions, and therefore, the provision must be read to mean that a position need be filled only when the appointing officer desires to fill it (MCLA 38.511[b], 38.512 [b]).

Appeals from Saginaw, Fred J. Borchard, J. Submitted Division 3 February 2, 1972, at Lansing. (Docket Nos. 11679, 11680.) Decided March 24, 1972. Leave to appeal denied, 387 Mich 797.

Complaints by William Small and Charles F. Mason against the City Manager of the City of Saginaw seeking writs of mandamus to compel the City Manager to promote the plaintiffs to positions created by vacancies in the city police department as of the time those vacancies occurred. Writ granted to Mason; the city appeals. Writ denied to Small and he appeals. Reversed as to the granting of the writ to Mason; affirmed as to denial of the writ to Small.

*Hamed W. Suffety,* for plaintiffs.

*W. Vincent Nash,* City Attorney, for defendant.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Van Valkenburg, J. The facts in these cases are not materially in dispute. The City of Saginaw, Michigan, has brought itself within the civil service provisions of 1935 PA 78 as amended; MCLA 38.501 et seq.; MSA 5.3351 et seq., with regard to its police department.

A police lieutenant resigned on January 4, 1971, and on that particular date plaintiff Mason was the only one on the eligibility list for promotion to that position which expired on January 16, 1971. He made inquiry of the police chief concerning the said promotion and was advised that a new list would be published rather shortly and that no action would be taken until that time. Fortunately for Mason he was able to be placed first on the new list and a request to the commission for a name to fill the vacancy was made on February 9, 1971. However, action was delayed due to to a protest made by other officers concerning the examination itself. Eventually this was denied by the commission and the appointment was made 77 days following the said date of January 4, 1971. Mason now contends that the statute does not permit such a discretionary delay and consequently that he has not only lost additional pay for 77 days but that the 2-year period which would be required for promotion to captain has been extended by that period of time. The trial judge granted the writ of mandamus and the city brought this appeal.

Plaintiff Small was a patrolman on January 4, 1971, and the only remaining person on the list due to expire January 15, 1971, for promotion to sergeant. He placed eighth on the new list and consequently was ineligible for advancement to the position. He now maintains that had the request for the appointment been made at the time the original vacancy occurred he would have received the promotion and consequently because of the delay

has been deprived of that benefit. The trial judge denied the writ of mandamus and this appeal followed.

The issue is: Did the City Manager, by virtue of the said statute, as amended, after receipt of a resignation of a lieutenant in the police department, have the discretionary authority to delay a request to the Civil Service Commission for the designation of a person eligible for promotion to said position?

The resolution of the question involves the interpretation of two apparently conflicting provisions of the police and firemen civil service act. MCLA 38.511(b); MSA 5.3361(b) provides:

"Every position, unless filled by reinstatement, *shall be filled only in the following manner:* The appointing officer shall notify the civil service commission of any vacancy in the service *which he desires to fill,* and shall request the certification of eligibles. The commission shall forthwith certify, from the eligible list, the name of the person who received the highest average at preceding examinations held under the provisions of this act within a period of 2 years next preceding the date of such appointment. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidate, make the appointment so certified. As each subsequent vacancy occurs, precisely the same procedure shall be followed." (Emphasis supplied.)

MCLA 38.512(b); MSA 5.3362(b) provides:

"*Whenever a position becomes vacant* for which examinations are held, *the appointing power shall make requisition* upon the commission for the name of the person eligible for appointment thereto. The commission shall certify the name of the person highest on the eligible list at preceding examinations held under the provisions of this act within a period

of 2 years next preceding the date of such appointment for the class to which the vacant position has been allocated, who is willing to accept employment. If more than 1 vacancy is to be filled an additional name shall be certified for each additional vacancy. *The appointing power shall forthwith appoint such person to such position.*" (Emphasis supplied.)

While MCLA 38.511(b), *supra,* purports to allow the appointing officer to fill or refuse to fill a position as he so desires, MCLA 38.512(b), *supra,* appears to make the filling of vacant positions by the appointing officer mandatory. Plaintiffs' counsel contends that MCLA 38.511(b) *supra,* applies only to new positions, while MCLA 38.512(b), *supra,* governs the promotion of individuals already in the department. We disagree. MCLA 38.511(b) speaks of "every position"; whereas, if it were speaking only of new positions, it would have stated "every new position".

The cardinal rules for interpretation of statutes can be found in *Killingsworth* v *Civil Service Commission,* 12 Mich App 340, 351 (1968):

"It has been held consistently that words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise in the statute that a different sense was intended: *Hammons* v. *Franzblau* (1951), 331 Mich 572. In *Melia* v *Civil Service Commission* (1956), 346 Mich 544, 562, the Supreme Court quoted with approval *People* v. *Burns* (1858), 5 Mich 114, 117:

" 'No rule better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory, or of no effect. The same rule applies to words, in construing a sentence.' "

In light of the foreging rule, we must give effect to the clear and unequivocal language of MCLA 38-.511(b), *supra,* that "every position * * * shall be filled only" in the manner set forth in that section.

MCLA 38.511(b), *supra,* is equally clear that "the appointing officer shall notify the civil service commission of any vacancy in the service *which he desires to fill"*.  The clear import of the section is that the appointing officer need fill only those positions which he desires to fill.  Since the term "appointing officer" as used in the act means the mayor or principal administrative officer of the city, such a reading of MCLA 38.511(b) *supra,* is consistent with the power of said officer to revise, alter, and reconstruct departments, including the abolition of positions, in furtherance of the public interest.  *Savage* v *City of Detroit,* 190 Mich 144 (1916); *Fricke* v *City of Grand Rapids,* 278 Mich 323 (1936); *Cicotte* v *Damron,* 345 Mich 528 (1956); *Thorne* v *Nicholson,* 32 Mich App 223 (1971).

Since MCLA 38.511(b), *supra,* is controlling with respect to the manner in which vacancies are to be filled, the phrase "whenever a position becomes vacant" as found in MCLA 38.512(b), *supra,* must be read to mean "whenever a position which the appointing officer desires to fill, becomes vacant".

There being no clear duty on the part of the city manager of Saginaw to fill the vacancy, mandamus was properly denied as to Small and improperly granted as to Mason; therefore, for the reasons set forth in this opinion, the trial court's decision as to Small is affirmed and as to Mason is reversed.

No costs, a public question being involved.

All concurred.