DAY v GERDS

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICE DEPARTMENT—
   FIRE DEPARTMENT—STATUTES.

   The purpose of the act establishing a civil service system for
   municipal police and firemen is to benefit the public by provid-
   ing better qualified personnel and to protect the officers and
   employees from arbitrary and unjust removal (MCLA 38.501 *et
   seq.*).

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICE DEPARTMENT—
   FIRE DEPARTMENT—ELIGIBILITY LISTS—AMENDMENTS—STAT-
   UTES.

   An eligibility list, once created in conformance with the terms of
   the civil service act for municipal police and firemen, is good
   for a period of two years and is not alterable or amendable
   during that period unless it be shown that such amendment is
   necessary to satisfy some constitutional deficiency; therefore,
   amendment of an eligibility list before its two-year term had
   expired simply because a municipal civil service commission
   had administratively determined that the grading procedures
   earlier employed were too harsh was impermissible (MCLA
   38.501 *et seq.*).

Appeal from Macomb, Alton H. Noe, J. Submit-
ted Division 2 May 16, 1974, at Detroit. (Docket
No. 18232.) Decided August 1, 1974. Leave to
appeal applied for.

Complaint by Howard R. Day and John R. Neal
against Walter Gerds, the Clinton Township Police
and Fire Civil Service Commission, and others to
enjoin the promotion of Stanley Rich, who inter-
vened as a defendant. Judgment for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Service §§ 1–3.
[2] 15 Am Jur 2d, Civil Service §§ 23, 25, 32, 41.

Plaintiffs appeal. Reversed and remanded for further proceedings.

*Dank, Peterson & Hay, P. C.,* for plaintiffs.

*Towner, Rosin, York & McNamara,* for defendants.

*Richard J. Liedel,* for intervening defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

V. J. BRENNAN, P. J. On April 4, 1972, a written examination for candidates seeking promotion from the rank of sergeant to the rank of lieutenant in the Clinton Township Police Department was held under the direction of the defendant civil service commission. Four candidates, including the plaintiffs and the intervening defendant, Sergeant Stanley Rich, took the written examination. The plaintiffs and the fourth candidate, Sergeant James F. Cooper, received certified scores of 70% or better on this examination and were allowed to take the second part of the test, an oral examination. Sergeant Rich, who received a score below 70%, was not permitted to take the second part of the test.

On April 11, 1972, following the oral examination, a promotional eligibility list was certified by the commission chairman and transmitted in due course to the appropriate appointing authority. Sergeant Cooper, the highest ranking candidate, was promoted to lieutenant on April 17, 1972, leaving only the plaintiffs on the eligibility list. Approximately 2-1/2 months later, the defendant

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

commission decided to regrade the original written examination. As a result of this, Sergeant Rich, the intervening defendant, was given a passing score and allowed to take a special oral examination on June 30, 1972. His performance on the subjectively graded oral examination was so strong that his total score on the two-part examination placed him at the top of a newly certified eligibility list published on July 1, 1972. On July 12, 1972, Sergeant Rich was promoted to lieutenant, effective retroactively to July 1, 1972. The following day plaintiffs brought this action in the Macomb Circuit Court seeking to enjoin the promotion of Sergeant Rich. Plaintiffs alleged that the promotion of Sergeant Rich was made in a manner inconsistent with the procedures set forth in the firemen and policemen civil service act (MCLA 38.501 *et seq.;* MSA 5.3351 *et seq.)* and that the promotion procedures were, in fact, unfair. In addition to injunctive relief against the promotion of Sergeant Rich, plaintiffs sought a temporary injunction pending the outcome of the litigation. A temporary restraining order was issued pending a show cause hearing to determine whether the temporary injunction should issue. On August 28, 1972, following the hearing, the temporary restraining order was dissolved and plaintiffs' request for a temporary injunction denied. This Court denied plaintiffs' application for leave to appeal from the circuit court's decision in this regard on February 5, 1973, and leave to appeal was also denied by our Supreme Court on April 27, 1973, for "failure to persuade of the need for immediate appellate review". *Day v Gerds,* 389 Mich 788 (1973).

On August 28, 1973, trial was had on the merits before Circuit Court Judge Alton H. Noe, who

found in favor of defendants. Judge Noe found that the unusual procedures here followed were necessitated by a subsequent realization on the part of the commission that the grading procedures employed were too harsh and that what was done complied with the act's requirement that examinations be competitive. It is from this decision that plaintiffs now appeal.

Plaintiffs present several issues for our consideration in support of their position that the trial judge erroneously concluded that the procedures employed by the defendant commission were proper under the act. A proper disposition of this case, however, does not require us to reach all the issues presented. Consideration of plaintiffs' contention that eligibility lists, once created, are not alterable or amendable for a two-year period is sufficient to dispose of the case presently before us.

The civil service act here involved was enacted to provide a civil service system based upon "examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men". *Olson v Highland Park,* 345 Mich 345; 76 NW2d 13 (1956); *Killingsworth v Police and Fire Department Civil Service Commission of the City of Saginaw,* 12 Mich App 340; 162 NW2d 826 (1968). Its purpose was to benefit the public by providing better qualified personnel and to protect the officers and employees from arbitrary and unjust removal. *Wayne County Prosecuting Attorney ex rel Taxpayers v Highland Park,* 308 Mich 425; 14 NW2d 53 (1944). In order to facilitate the selection of better qualified people the act calls for appointments to be made on the basis of competitive examinations. MCLA 38.507; MSA 5.3357. In the event a vacancy occurs in a given position which the appointing

authority desires to fill, the act specifies that the commission, upon notification, is to certify to the appointing authority, from an eligibility list, the name of the highest ranking candidate for appointment. MCLA 38.511(b); MSA 5.3361(b). The appointing authority is not required by the act to fill vacancies which occur. *Small v Saginaw City Manager,* 39 Mich App 418; 197 NW2d 850 (1972), *lv den,* 387 Mich 797 (1972). If, however, a vacancy occurs which the appointing authority does desire to fill, it must be done in accordance with the procedures set forth in the act. This means that all vacancies are to be filled from eligibility lists except, of course, those permitted for "urgent reasons" under MCLA 38.511(c); MSA 5.3361(c). While the act does not require the continuous maintenance of eligibility lists, *Killingsworth v Civil Service Commission, supra,* it does require that appointments be made from them if such lists exist and, if they do not, then MCLA 38.511(c); MSA 5.3361(c) permits temporary appointments to be made for a period not to exceed three months. Upon completion of this temporary period, or sooner, selection and appointment is required by the act to be made from an eligibility list.

Eligibility lists contain the names of those persons who, by examination and testing, have been deemed eligible for appointment to a certain position. Each eligible person on the list is ranked according to his performance on the examinations and it is the name of the highest ranking person on this list that is required by the act to be certified to the appointing authority for appointment. The eligibility list, once established, is good for a period of two years from the date of its creation unless it is earlier exhausted. See *Killingsworth v Civil Service Commission, supra.* This

two-year period can neither be reduced nor extended by either the commission or the appointing authority. See 2 OAG, 1959–1960, No 3514, p 68 (April 4, 1960) and 1 OAG, 1957–1958, No 2994, p 353 (July 22, 1957).

In the case at bar an eligibility list was created and certified to the appointing authority on April 11, 1972 with its expiration date listed thereon as April 11, 1974. The commission, however, on July 1, 1972, certified a new list to the appointing authority which contained the additional name of defendant Rich. In so doing the commission shortened the term of the initial list to a matter of months which, as we have stated earlier, is impermissible under the act. An eligibility list, once established in conformance with the procedures set forth in the act, as the initial list here was, is to remain in effect for a period of two years and all promotions are to be made therefrom. This was not done in the instant case and the promotion of defendant Rich to the rank of lieutenant was, accordingly, improper.

In arguing that the amendment of the eligibility list here involved was proper under the act, defendants place much reliance on *Amendola v Bronstein,* 66 Misc 2d 50; 320 NYS2d 373 (1971). That case, however, involved a court-ordered amendment of an eligibility list after it was determined that certain questions contained in the written examination were graded in a manner inconsistent with article 5, § 6 of the New York Constitution. *Amendola* would be highly persuasive if the eligibility list here involved was amended because of the commission's failure to follow the provisions of the act or because the grading procedures initially employed were, in some manner, constitutionally impermissible. Such

is not the case, however. The regrading in the instant case was done simply because the commission administratively determined that the grading procedures earlier employed were too harsh. This type of after-the-fact determination is not sufficient to bring this case within the limits of *Amendola.*

We hold, therefore, that an eligibility list, once created in conformance with the terms of the act, is good for a period of two years and is not alterable or amendable during that period unless it be shown that such amendment is necessary to bring the list within the terms of the act or to satisfy some constitutional deficiency. Since this procedure was not followed in the instant case it is clear that the promotion of defendant Rich was improper and that the trial court erred. We therefore reverse the decision of the trial court and remand the case to the trial court for proceedings not inconsistent with this opinion.

Reversed and remanded for proceedings not inconsistent with this opinion.

All concurred.