DeGRACE v SHELBY TOWNSHIP POLICE AND FIRE CIVIL
SERVICE COMMISSION

Docket No. 85232. Submitted January 15, 1986, at Lansing.—Decided
April 8, 1986.

    Plaintiff, Gerald DeGrace, secured the top position on an eligibil-
ity list for the position of Shelby Township Chief of Police, after
completing a test given by defendant Shelby Township Police
and Fire Civil Service Commission (hereinafter referred to as
the commission). Shelby Township Supervisor White, the ap-
pointing authority for civil service positions, requested the
commission to establish a list of eligible applicants for the
positions of police chief and fire chief. Defendant Shelby Town-
ship Board of Trustees (hereinafter referred to as the board)
abolished the positions of police chief and fire chief and created
one position of director of public safety. However, this action
proved to be a nullity, since it did not conform with the charter
townships act. Nonetheless, the commission refused to certify
the list of eligible applicants for the police chief position.
Plaintiff filed suit in Macomb Circuit Court against the commis-
sion and the board seeking a writ of mandamus and superin-
tending control for a declaration of his appointment as police
chief. Defendants answered that it was within the board's
discretion to fill or not fill the vacant police chief position and
they counterclaimed seeking a declaration that its action of
eliminating the police chief and fire chief positions and creating
one position of director of public safety was valid. The board
filed a motion for accelerated judgment contending that the
court lacked subject-matter jurisdiction and a motion for sum-
mary judgment contending that plaintiff had failed to state a
claim upon which relief could be granted. The commission filed
a motion for accelerated judgment contending that the court

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and other Political
Subdivisions §§ 231-251, 277.

Determination as to good faith in abolition of public officer or
employment subject to civil service or merit system. 87 ALR3d
1165.

See also the annotations in the ALR3d/4th Quick Index under
Municipal Corporations.

lacked subject-matter jurisdiction and that plaintiff lacked legal capacity to sue. The commission also filed a motion for summary judgment contending that plaintiff had failed to state a claim upon which relief could be granted. Plaintiff filed a motion for summary judgment contending that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. After considering the parties' briefs and oral arguments, the circuit court, Lawrence P. Zatkoff, J., granted summary judgment in favor of defendants on the ground that there was no material factual issue and that defendants were entitled to judgment as a matter of law and entered an order dismissing plaintiff's suit. Plaintiff appealed. *Held:*

Township Supervisor White, as the appointing authority, was not required by statute to appoint a police chief after requiring a certified list of eligible applicants from the commission. The statute merely requires that, if an appointment is made, the appointment be made with reference to the relative merit and fitness of the candidates on the list. Supervisor White may properly decide that it is not in the public interest to fill the position.

Affirmed.

TOWNSHIPS — POLICE DEPARTMENT — CIVIL SERVICE — STATUTES.

A township supervisor who is the appointing authority for police and fire civil service positions is not required by a provision of the police and fire civil service act to fill a vacant position; the act merely requires that, if an appointment is made, the appointment be made with reference to the relative merit and fitness of the candidates from a list of eligible applicants certified by the township's civil service commission (MCL 38.511[b]; MSA 5.3361[b]).

*Bieber, Brennan, Matranga, Cross & Carmody* (by *Charles E. Carmody*), for plaintiff.

*Peter B. Henderson,* for Shelby Township Police and Fire Civil Service Commission.

*Richard C. Johnston,* for Shelby Township Board of Trustees.

Before: Gribbs, P.J., and D. E. Holbrook, Jr. and T. Roumell,* JJ.

Per Curiam. Plaintiff, Gerald DeGrace, appeals as of right from a May 13, 1985, circuit court order granting defendants' motions for summary judgment under MCR 2.116(C)(10). DeGrace asserts that the trial court erred in holding that defendants are not compelled by law, MCL 38.511(b); MSA 5.3361(b), to fill the vacant position of Shelby Township chief of police. We disagree and affirm the circuit court.

## BACKGROUND

On June 29, 1983, the Shelby Township Police and Fire Civil Service Commission established an eligibility list for the rank of police chief. DeGrace was tested for the position and obtained the first position on the list. In 1983, the position of police chief became vacant. In November of 1983, Shelby Township Supervisor White, the appointing authority for the civil service positions, requested the commission to establish a list of eligibles for the positions of Chief of the Fire Department and Chief of the Police Department.

With respect to the police chief eligibility list, Supervisor White wrote the commission and requested:

"Please inform me at your earliest convenience the name or names under Act 78 [MCL 38.501 *et seq.;* MSA 5.3351 *et seq.]* who may be certified, at this time, to the appointment of the Chief of Police position of Shelby Township."

At the Shelby Township board of trustees meeting on November 1, 1983, the board voted to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

abolish the vacant positions of police chief and fire chief and substitute a position of director of public safety. This action was a nullity because it did not conform with MCL 42.9; MSA 5.46(9), the charter townships act.

At its next meeting, the commission refused to certify the list of eligibles for the police chief position. The various parties involved sought legal advice. DeGrace filed suit against the commission on December 19, 1983, seeking a writ of mandamus and superintending control declaring his appointment to the police chief position. The complaint was later amended to add the board and its members as defendants.

The defendants answered that filling the police chief vacancy is discretionary with the board, under MCL 42.12; MSA 5.46(12). The defendants also filed counterclaims seeking a declaratory judgment that the township's abolition of the police and fire chief positions and substitution of a public safety director was valid.

On March 20, 1984, the board, with the recommendation of Supervisor White, again voted to abolish the positions of police chief and fire chief and asked the commission to set up requirements for testing for a public safety director.

All three parties subsequently filed motions for summary disposition; the board filed on September 5, 1984, under GCR 1963, 116.1(2), now MCR 2.116(C)(4), and GCR 1963, 117.2(1), now MCR 2.116(C)(8); the commission filed on October 1, 1984, under GCR 1963, 116.1(2) and (3), now MCR 2.116(C)(4) and (5), and GCR 1963, 117.2(1), now MCR 2.116(C)(8); and DeGrace filed on December 11, 1984, apparently under GCR 1963, 117.2(3), now MCR 2.116(C)(10).[1] The parties filed numerous

---

[1] Hybrid motions for "accelerated judgment and for summary judg-

briefs in support of their positions, and oral argument was heard on January 2, 1985.

On April 24, 1985, the circuit court issued its opinion considering the parties' motions. The court found that there was no dispute as to material facts, and granted summary judgment in favor of defendants under MCR 2.116(C)(10). The court held:

"This Court is satisfied that defendants' position is correct. This Court agrees with the Court of Appeals in *Small v Saginaw City Manager,* 39 Mich App 418, 423; 197 NW2d 850 (1972), that the clear import of MCL 38.511(b) is that the appointing officer need fill only those positions which he desires to fill. When *Small, supra,* is read with *Charron v Hanus,* 44 Mich App 217; 205 NW2d 90 (1972), it is clear that the appointing officer retains discretion not to fill Civil Service positions for reasons in the public interest.

"The Court is convinced that Supervisor White did not lose his discretion to decline to appoint to the position merely by requesting certification of an eligibility list. Until he actually exercises his authority to appoint, the appointing authority is not under a clear legal duty to fill any position. Since it is clear on this record that Supervisor White did not exercise his authority to appoint to the position, plaintiff's claims suffer from a deficiency which is impossible to overcome."

Because this determination was dispositive, the circuit court did not consider defendants' counterclaims. The order dismissing DeGrace's suit was entered on May 13, 1985.

ment" as were brought by the defendants are not looked upon favorably. *Ceplin v Bastian-Blessing Division of Golconda Corp,* 90 Mich App 527, 530; 282 NW2d 380 (1979). Plaintiff DeGrace, however, did not object to the wording of the defendants' motions or the specific basis for the trial court's order of summary judgment, nor does he raise this issue on appeal.

DISCUSSION

Plaintiff DeGrace contends on appeal that when an appointing authority requests a certified list of eligibles pursuant to MCL 38.511(b); MSA 5.3361(b), for the purpose of filling a vacant position, the appointing authority cannot subsequently refuse to fill that vacancy.

Section 11 of 1935 PA 78, the police and fire civil service act, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* provides:

"(b) Every position, unless filled by reinstatement, *shall be filled only in the following manner:* The appointing officer shall notify the civil service commission of any vacancy in the service which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the eligible list, the name of the person who received the highest average at preceding examinations held under the provisions of this act within a period of 2 years next preceding the date of such appointment. *The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidate, make the appointment so certified.* As each subsequent vacancy occurs, precisely the same procedure shall be followed. When an appointment is made under the provisions of this section, it shall be, in the first instance for the probationary period, as provided in this act. The term 'appointing officer' as used in this act shall be construed to mean the mayor or principal administrative or executive officer in any city, village or municipality." MCL 38.511(b); MSA 5.3361(b). (Emphasis added.)

Plaintiff DeGrace maintains that the language of § 11(b) mandates that, upon requesting a certification of eligibles and receiving the list of certified names, an appointing officer *"shall * * * make the appointment so certified",* *i.e.,* the officer must fill the vacancy. DeGrace further argues that since, in the instant case, Supervisor White was initially

frustrated in his attempt to obtain a certified eligibility list, actual receipt of the list or certified name was not required to trigger the statutory requirement that White fill the position.

This Court has previously answered plaintiff DeGrace's argument in the negative in *Small v Saginaw City Manager,* 39 Mich App 418; 197 NW2d 850, *lv den* 387 Mich 797 (1972). In *Small,* the plaintiff police officer asserted that the city manager could not delay appointment to a police lieutenant position until a new eligibility list was available. This Court held that the language of § 11(b) allowed the city manager to wait to fill the position. DeGrace argues that the *Small* decision is inapplicable here, because the question in the instant case is not mere delay but outright refusal to fill a vacant position. However, the basis for the *Small* holding is broader than the facts in *Small,* and squarely answers DeGrace's contention:

"[W]e must give effect to the clear and unequivocal language of MCLA 38.511(b), *supra,* that 'every position * * * shall be filled only' in the manner set forth in that section. MCLA 38.511(b), *supra,* is equally clear that 'the appointing officer shall notify the civil service commission of any vacancy in the service which he desires to fill'. The clear import of the section is that the appointing officer need fill only those positions which he desires to fill. Since the term 'appointing officer' as used in the act means the mayor or principal administrative officer of the city, such a reading of MCLA 38.511(b), *supra,* is consistent with the power of said officer to revise, alter, and reconstruct departments, including the abolition of positions, in furtherance of the public interest. *Savage v City of Detroit,* 190 Mich 144 (1916); *Fricke v City of Grand Rapids,* 278 Mich 323 (1936); *Cicotte v Damron,* 345 Mich 528 (1956); *Thorne v Nicholson,* 32 Mich App 223 (1971).

"Since MCLA 38.511(b), *supra,* is controlling with respect to the manner in which vacancies are to be

filled, the phrase 'whenever a position becomes vacant' as found in MCLA 38.512(b), *supra*, must be read to mean 'whenever a position which the appointing officer desires to fill, becomes vacant'.

"There being no clear duty on the part of the city manager of Saginaw to fill the vacancy, mandamus was properly denied * * *." 39 Mich App 422-423.

We agree with and follow the *Small* decision which we hold is also in agreement with the Attorney General's longstanding position that § 11(b) does not compel the filling of a vacancy. 2 OAG 1958, No 3902, p 22 (January 22, 1958).

Plaintiff DeGrace also relies on *Killingsworth v Police and Fire Dep't Civil Service Comm*, 12 Mich App 340; 162 NW2d 826 (1968), for his proposition that once a request for a list is made, appointment to a vacancy is mandatory. The *Killingsworth* Court held:

"The sense of 11(b) is that the appointing officer notifies the civil service commission of a vacancy and asks for certification of eligibles. The commission then certifies from the eligible list the person who has received the highest average at the competitive examination with a period of two years next preceding the date of appointment. *The appointing officer is then under the clear mandate of the statute to appoint 'with sole reference to the relative merit and fitness of the candidate.'* The appointment is probationary for six months." 12 Mich App 348 (Emphasis added.)

DeGrace argues that *Killingsworth* set forth a "clear mandate" that a vacancy be filled. However, this language in *Killingsworth* merely states that there is a clear mandate to appoint with reference to the candidates' merits, not that there is a clear mandate to appoint.

Finally, plaintiff DeGrace challenges the circuit court's reliance on *Charron v Hanus*, 44 Mich App

217; 205 NW2d 90 (1972). In *Charron,* this Court construed § 13 of 1941 PA 370, the county employee civil service act, MCL 38.401 *et seq.;* MSA 5.1191(1) *et seq.,* which provides a procedure similar to that of § 11 of act 78 for appointment to vacancies in the competitive civil service, except that § 13 of act 370 provides for the certification of an appointment of one of three candidates highest on the eligibility list. MCL 38.413; MSA 5.1191(13). This Court in *Charron* found that this similar provision did not mandate appointment. Once the eligibility list was presented to the appointing authority it could either make an appointment from those three candidates or could refuse to fill the position. *Charron, supra,* pp 220-221.

In order to distinguish *Charron, supra,* plaintiff DeGrace argues that the enhanced public interest in having police and fire protection unfettered by political considerations compels a different construction of § 11 of act 78. However, the declared legislative purposes of act 78, the police and fire civil service act, and act 370, the county employee civil service act, are virtually identical: to provide civil service systems where employees are selected based solely upon merit. MCL 38.401; MSA 5.1191(1); preamble to 1935 PA 78; *Valentine v Redford Twp Supervisor,* 371 Mich 138, 144; 123 NW2d 227 (1963); *Day v Gerds,* 54 Mich App 547, 550; 221 NW2d 221 (1974). There is nothing in the legislation to suggest that the integrity and political independence of police officers and firefighters is any more or less important than that of other civil service employees entrusted with public duties.

We hold that, although act 78 requires that all vacant police and firefighter positions be filled with sole regard to the properly assessed merits of the candidates, it contains no requirement that a

vacancy be filled. An appointing authority may properly decide that it is not in the public interest to fill a position. Mandamus does not lie to compel the addition of unwanted and unnecessary employees to the public payroll. *Small, supra,* p 423; *cf., Charron, supra,* p 220.

Affirmed.