**Timothy K. EDWARDS, Appellant,**

v.

**Arthur D. BROOKFIELD, II, et al., Respondents.**

**No. WD 41663.**

Missouri Court of Appeals, Western District.

Oct. 31, 1989.

James B. Lowe and Stephen H. King, Kansas City, for appellant.

Charles R. Brown, Kansas City, for respondents.

Before CLARK, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This is an action against the respondents, the members of the Police Board, to compel Edwards' promotion from sergeant to captain in the Kansas City, Missouri Police Department. After exhausting all intra-departmental remedies, Edwards filed a Petition in Mandamus claiming a right to be considered for promotion based upon his ranking on the eligibility list and the fact that a vacancy occurred during this period in the position of captain. Edwards alleged the Department had a duty either to promote him or give reasons for his non-promotion. A Preliminary Order in Mandamus to respondents issued, but then on motion of the respondent's, the court quashed its Preliminary Order and dismissed Edwards' Petition in Mandamus. Review is under § 536.150, RSMo 1986 as explained in *Golden Rule Ins. Co. v. Crist,* 766 S.W.2d 637, 638 (Mo. banc 1989):

> This Court's review, therefore is limited by section 536.150, RSMo 1986, to a determination of whether the Director's decision, "in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion...." Section 536.150 further provides: "the [reviewing] court shall not substitute its discretion for discretion legally vested in [an] administrative officer ... and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer ... such discretion lawfully exercised shall not be disturbed."

In 1979 he participated in testing for a possible promotion from patrolman to sergeant. Based on this procedure, his name appeared on the eligibility list and, on May 25, 1980, he received the promotion to sergeant.

During the first few months of 1986, Edwards underwent a series of written and other examinations in his pursuit of being promoted from sergeant to captain. Upon receiving favorable scores, on May 29, 1986 his name appeared on Department Special Order 86–10, an eligibility list for the rank of captain. Such a list is required as part of the promotional procedure set forth in Department Personnel Policy 506–2. Edwards' name was 13th on the list of 18, which became effective on May 30, 1986 and according to the established policy was to be in effect for two years providing the order of names of those sergeants to be promoted.

On February 14, 1988, sergeant James Nunn, ranked twelfth on Special Order 86–10, was promoted to captain. This placed Edwards as the next eligible candidate for captain. On February 19, 1988, Captain Jenkins retired from the Department, creating a possible vacancy. However, no action was taken by the Department to promote Edwards to captain. Special Order 86–10 expired at the end of May. On June 6, 1988, a new list was issued on which Edwards' name did not appear. In early June and effective June 26, 1988, the Department promoted three sergeants who were not named on 86–10 from this new list.

On June 27, 1988, Edwards filed a grievance. He requested an explanation for being "passed over" in that he had been the next person on the eligibility list for some 102 days while "a vacancy existed," with the three promotions being made with the advent of a new list in June. The grievance committee found that no obligation existed to promote an eligible candidate to fill any vacancy existing within the Department. This finding was upheld by Chief Larry Joiner. Upon request for review by Edwards, the Board of Police Commissioners ruled that he was not entitled to a hearing or other consideration. This suit to require Edwards' promotion to captain followed.

Edwards first contends that even though the Department did not have a duty to

promote him, it did have a duty to consider him for promotion to captain. He argues that since he was the next eligible candidate on the list, the Department did not have the leisure of inaction, but had to either decide to promote him or decide not to promote him, in which case he was entitled to know the reasons why. Edwards arrives at this conclusion by stating, without citation of authority, that the duty to consider a candidate for promotion is ministerial in nature, and even though discretion is involved in the ultimate decision to promote or not, mandamus lies to at least compel a decision. *State ex rel. Karmi v. VonRomer,* 562 S.W.2d 112 (Mo.App.1978).

Under § 84.500, RSMo 1986, the chief, "shall * * * have the power to promote ... all police officers." Section 84.570.2 outlines the competitive exams given to those who want a promotion, and a list of qualified applicants be made in order of their rank.

It has been held in many different jurisdictions that the Chief of Police, as appointing authority, has no mandatory duty to fill vacant positions. The chief enjoys a great deal of discretion in choosing employees properly certified as eligible, and promotions do not take place automatically or as a matter of right. The chief is not required to fill vacancies as they occur and, within his or her sound discretion, has the authority to decide whether there is a need to fill a specific position in his department at any given time. *DeGrace v. Shelby Township Police and Fire Civil Service Commission,* 150 Mich.App. 587, 389 N.W.2d 137, 139–140 (1986); *Conway v. City Manager of Medford,* 5 Mass.App. 778, 359 N.E.2d 1310 (1977); *Blake v. Giarrusso,* 263 So.2d 392, 393–94 (La.App.1972); *Marranca v. Harbo,* 41 N.J. 569, 197 A.2d 865, 869 (1964). Unless there is a clear showing that the law makes the filling of a vacancy mandatory, no judicial mandate will be issued to compel filling the position. Kaplan, The Law of Civil Service, at 203 (1958).

■ This court does not follow Edwards' contention that the Chief of Police must consider the next applicant in line for pro-

motion every time a vacancy exists. In fact, there can be no duty to consider one for a position which theoretically does not exist until the hiring authority chooses to fill it. Without statutory mandate the chief is not required to fill vacancies as they occur and can fill them at the chief's discretion, as opposed to making promotions automatically. *Blake v. Giarrusso, supra,* at 394. In a case with an almost identical fact pattern, the Supreme Court of New Jersey found no duty to fill an otherwise vacant position. *Marranca, supra.* In *Marranca,* plaintiff was seventh on a list which was to be in effect two years beginning March 13, 1958. Plaintiff moved to first on the list when the six ahead of him were promoted. On January 26, 1960 a vacancy occurred. On March 12, 1960 the first list expired without filling the vacancy. A new list was promulgated on January 26, 1961. Plaintiff, who was at the head of the first list was sixteen on the second list. Thereafter, promotions were made from the new list. Plaintiff brought an action alleging the Department wrongfully withheld promotion in the time between the vacancy and the expiration of the first list. The court held:

> The present case involves only the question of discretion as to whether and when to fill a vacancy. With respect to this, [we can] not compel an appointing authority to fill a vacancy.... We know only that one vacancy occurred in January 1960, about two months before the first list was to expire; that a new examination was called; ... [and] that ... vacancy was filled [thereafter from the new list].... The record shows nothing of the needs of the police force during that period. We cannot assume the position was left vacant to serve some improper end.

*Marranca, supra,* 197 A.2d at 869. Such is the case at bar.

■ Edwards' second contention is he has been denied his constitutionally protected right to due process because he was given no hearing. To make out a case, one must first show a deprivation of life, liberty, or property, and second that the depri-

vation was brought about without due process of law. *Bigby v. City of Chicago,* 766 F.2d 1053, 1056 (7th Cir.1985). On the present facts, Edwards cannot show a deprivation. Promotion of sergeant to captain is one of discretion, so that Edwards has no vested right to promotion.

> Promotion ... is not a matter of right and is not governed by fixed rules which if complied with automatically entitle the applicant to promotion. "To have a property interest ... a person ... must have more than a unilateral expectation of it. He must, instead, have a legitimate *claim of entitlement* to it." [Citation omitted].

*United States v. City of Chicago,* 869 F.2d 1033, 1036 (7th Cir.1989). There is no legitimate claim of entitlement or a property interest in a promotion from sergeant to captain by merely being on such a list. *See City of Chicago, supra,* at 1036–1037; *Bigby, supra,* at 1057.

If Edwards' argument were followed, the Department would be forced to conduct a hearing every time an alleged vacancy occurred. By its nature, the hearing would center around whether the department could validly opt not to fill the vacancy. The evidence would consist of budgetary constraints, public interest, motive surrounding the decision, etc.... This would consist of second guessing the department's decision every time a vacancy arose. The court finds this to be too great a burden and constraint to be judicially placed on a police department. However, as pointed out in *Marranca, supra,* it is impossible to have a competitive exam every time a vacancy was to be filled, and by the same token an outer time limit is needed to keep lists from becoming stale and don't permit new qualified officers from being eligible for advancement. 197 A.2d at 867. What the court strongly recommends is a statutory or procedural policy which would allow a policeman in Edwards' position, at the top of an expiring list to be granted a space on the new superceding list.

Neither mandamus nor any other remedy is available to cause a promotion, or an explanation for non-promotion to fill a vacancy.

The judgment is affirmed.