FITCH v CRIME VICTIMS COMPENSATION BOARD

Docket No. 46619. Submitted June 10, 1980, at Grand Rapids.—Decided August 12, 1980.

Jerome T. Fitch filed a claim for compensation with the Crime Victims Compensation Board, which claim was denied by the board chairman, whose decision was affirmed by the full Board. No hearing was held. Plaintiff appeals by leave granted. *Held:*

A hearing was necessary before plaintiff's claim for compensation under the compensation of crime victims act could be denied, and the claimant had a right to an evidentiary hearing if he so desired.

Reversed and remanded.

1. ADMINISTRATIVE LAW — CRIME VICTIMS COMPENSATION BOARD — DENIAL OF CLAIM — STATUTES.

A hearing before the Crime Victims Compensation Board is necessary prior to the denial of a claim for compensation under the compensation of crime victims act if the claimant desires a hearing (MCL 18.356[4], [5]; MSA 3.372[6][4], [5]).

2. ADMINISTRATIVE LAW — CRIME VICTIMS COMPENSATION BOARD — HEARING — STATUTES.

On a claim for compensation under the compensation of crime victims act, a hearing is not required where the Crime Victims Compensation Board rules in favor of a defendant (MCL 18.356[5]; MSA 3.372[6][5]).

3. STATUTES — CONSTRUCTION OF STATUTES — LEGISLATIVE INTENT.

The intention of the Legislature must be ascertained and given effect in the construction of a statute, and no phrase, clause, or word may be ignored in determining a provision; one part of a statute must not be so construed as to render another part nugatory.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 398, 400.
[2] 2 Am Jur 2d, Administrative Law § 403.
[3] 73 Am Jur 2d, Statutes §§ 145, 146, 213 *et seq.*

*McCroskey, Libner, Van Leuven, Feldman, Cochrane & Brock, P.C.* (by *Robert O. Chessman*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Moquin,* Assistant Attorney General, for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R. MCDONALD,* JJ.

D. F. WALSH, J. Plaintiff appeals the denial of a claim by the Crime Victims Compensation Board.

Plaintiff was the apparent victim of an assault which occurred in the early morning hours of November 11, 1978. While hitchhiking along M-20 in Hart, Michigan, plaintiff accepted a ride with two strangers. They rode to Ludington in search of a party, and, on the return trip to Hart, the two men demanded some money from plaintiff as payment for the ride. When plaintiff told them he could not pay, they displayed knives, and one individual stated that he would fight plaintiff. The automobile was stopped, and, once outside the car, the three men were involved in a struggle. Plaintiff sustained multiple stab wounds in the abdomen and incurred approximately $5,000 in medical bills.

Plaintiff filed a claim with the Crime Victims Compensation Board. The board's chairman denied the claim on the grounds that the crime was not reported to the police within 48 hours of its occurrence and that the victim contributed substantially to the infliction of the injury. Plaintiff ap-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pealed to the full board, which affirmed the decision of the chairman.

The issue on appeal is whether a hearing was required before plaintiff's claim could be denied. We hold that a hearing was necessary under the provisions of the statute.

After a claim for compensation has been filed with the Crime Victims Compensation Board, it is assigned to a board member who examines the papers and conducts an investigation. MCL 18.356(1), (2); MSA 3.372(6)(1), (2). The statute provides for the disposition of a claim as follows:

"(4) The board member may decide the claim *in favor of* a claimant on the basis of the papers filed in support thereof and the report of the investigation of the claim. If a board member is unable to decide the claim upon the basis of the papers and the report, he shall order a hearing. At the hearing any relevant evidence, not legally privileged, is admissible." MCL 18.356(4); MSA 3.372(6)(4). (Emphasis supplied.)

"(5) After examining the papers filed in support of a claim and the report of investigation, and after a hearing, if any, the board member shall make a decision granting or denying the award." MCL 18.356(5); MSA 3.372(6)(5).

A reading of the statute indicates that a hearing is not required when the board's ruling is in favor of a claimant. However, the act is less clear concerning the necessity of a hearing where a claim is denied. While subsection 5 of the above quoted provision can be read as support for the contention that a hearing is optional, we decline to construe the statute in this manner.

In *Melia v Employment Security Commission,* 346 Mich 544, 562; 78 NW2d 273 (1956), the Supreme Court expressed the following guidelines:

"The cardinal rule of statutory construction is to ascertain and give effect to the intention of the legislature. If the language of a statutory provision is unambiguous, the intent must be determined accordingly. It is requisite that pertinent provisions of the act be considered together, to the end that the general plan and purpose of the law-making body may be ascertained. All parts of the specific provision to be construed must be given force and effect. This means that no phrase, or clause, or word, may be ignored in determining the construction of such provision. In the early case of *People v Burns,* 5 Mich 114, 117, it was said:

" 'No rule is better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory, or of no effect. The same rule applies to words, in construing a sentence.' "

In the case at bar, the relevant provision of the statute clearly states that a claim may be decided "on the basis of the papers filed in support thereof and the report of the investigation" when a claim is decided *in favor of* a claimant. In other words, the Legislature limited the cases where the board was not required to conduct a hearing to those decided "in favor of a claimant". Any other reading of the statute would render the phrase "in favor of a claimant" nugatory. We conclude that where a claim is denied, the claimant has a right to an evidentiary hearing if he desires one.

The decision of the board is reversed and the case is remanded for proceedings consistent with this opinion.