ARCHER v CRIME VICTIMS COMPENSATION BOARD

Docket No. 44105. Submitted April 1, 1980, at Lansing.—Decided March 16, 1981.

Garnet Archer filed a claim with the Crime Victims ·Compensation Board as wife of Larry B. Archer, a victim of homicide. Her claim was denied by the chairman of the board on the grounds that at the time of her husband's death he was not contributing to the support of their children and, thus, she did not meet the minimum requirements for eligibility for compensation. The decision of the chairman was affirmed by the full board. She appeals, alleging that the board erred in failing to hold a hearing on the claim and in basing its denial of compensation on the lack of evidence of loss of support. *Held:*

1. Claimant is entitled to a hearing on her claim if she so desires, compensation having been denied.

2. Claimant's husband was required by order of the circuit court to support their children. The fact that claimant was not receiving such support at the time of her husband's death should not be construed to bar compensation under the statutory provision establishing certain eligibility requirements for compensation. Claimant qualified for compensation under another section of the statute.

Reversed and remanded.

1. ADMINISTRATIVE LAW — COMPENSATION OF CRIME VICTIMS ACT — STATUTES.

A claimant who is denied compensation under the compensation of crime victims act has a right to an evidentiary hearing if he desires one (MCL 18.356[4], [5]; MSA 3.372[6][4], [5]).

2. ADMINISTRATIVE LAW — COMPENSATION OF CRIME VICTIMS ACT — CRIME VICTIMS COMPENSATION BOARD — STATUTES.

The provision of the compensation of crime victims act which conditions eligibility for compensation on certain minimum out-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 79 Am Jur 2d, Welfare Laws § 46.

Statutes providing for governmental compensation for victims of crime. 32 ALR3d 1446.

of-pocket money losses or lost earnings or support should not be construed by the Crime Victims Compensation Board so as to deny recovery to claimants who qualify for compensation under other sections of the statute (MCL 18.354[1][b], [3]; MSA 3.372[4][1][b], [3]).

*Felix F. Rogalle,* for claimant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Vincent J. Leone,* Assistant Attorney General, for respondent.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. The claimant appeals the decision of the Crime Victims Compensation Board, which rejected her claim.

The claimant is the survivor of Larry Bruce Archer, her husband, who was the victim of a homicide on May 8, 1978. Two months prior to that date, she began an action for divorce in Michigan against her husband, seeking support for their four minor children. A support order was entered in the Wayne County Circuit Court, but no payments were made by the husband.

On June 21, 1978, she filed a claim with the Crime Victims Compensation Board, hereafter referred to as "board", which claim was denied on the grounds that the claimant did not suffer a minimum out-of-pocket loss of $100 and, further, that the claimant did not lose at least two continuous weeks support, inasmuch as the victim was not supporting the children at the time of death.

This decision was made by the chairman of the board, which was affirmed by the full board. No hearing on the claim was allowed by the board.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The two issues to be decided are:

1) Is the claimant entitled to a hearing on the claim, and

2) Did the board err in denying her claim based on the lack of evidence of loss of support?

The first issue was considered in *Fitch v Crime Victims Compensation Board,* 99 Mich App 363; 297 NW2d 667 (1980), where it was decided that a claimant has a right to an evidentiary hearing if he wishes it. We agree with that reasoning contained in that decision.

The second issue involves a consideration of the denial of the claim based on the lack of evidence of loss of support.

On the date of the homicide, the claimant and her husband were still married, and the husband's obligation to support their children had been determined by a court order.

The claimant's qualification for benefits is defined by statute. MCL 18.354(1)(b); MSA 3.372(4)(1)(b).

"[T]he following persons are eligible for awards:

\*    \*    \*

"(b) A surviving spouse, parent, or child of a victim of a crime who died as a direct result of the crime."

The board has placed an additional restriction to this statutory eligibility, by combining it with another provision of the statute, which requires "a minimum out-of-pocket loss of $100 or at least two continuous weeks of earnings". MCL 18.354(3); MSA 3.372(4)(3):

"An award shall not be made on a claim unless the claimant has incurred a minimum out-of-pocket loss of $100.00 or has lost at least 2 continuous weeks' earn-

ings or support, but the board may waive the limitations of this subsection in the case of a claimant retired by reason of age or disability."

By requiring applicants who otherwise would be eligible for benefits to meet this additional standard, the board has made a strained interpretation of the statute to deny Mrs. Archer's claim for loss of support.

It can be reasonably concluded that the purpose of the foregoing statutory provision is to limit claims to those having a minimal value and not so as to deny recovery to claimants who qualify under other sections of the statute.

The case is remanded to the board for a hearing, within these guidelines.