CITY OF TROY v TROY CIVIL SERVICE COMMISSION

1. LABOR RELATIONS—DISCHARGE—PROBATIONARY EMPLOYEES—HEAR-
   INGS—POLICE.

   A probationary police officer denied permanent employment is
   entitled by statute to a hearing at which cause for the denial
   must be established (MCLA 38.511, 38.514; MSA 5.3361,
   5.3364).

2. LABOR RELATIONS—PROBATIONARY EMPLOYEES—HEARINGS ON DIS-
   MISSAL—STATUTES.

   A probationary employee does not have a right to a hearing on
   dismissal at the end of his probationary period of employment
   unless that right is expressly created by statute.

Appeal from Oakland, William P. Hampton, J.
Submitted November 16, 1977, at Detroit. (Docket
No. 30704.) Decided March 6, 1978.

Complaint by the City of Troy against the Troy
Civil Service Commission and Joseph M. Forgue
seeking an order of superintending control uphold-
ing the plaintiff's dismissal of defendant Forgue
from the Troy Police Department and barring the
defendant commission from ordering his reinstate-
ment. Judgment for defendants. Plaintiff appeals.
Affirmed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by
*Paul H. Townsend, Jr., Ronald J. Santo,* and *Seth
M. Lloyd*), for the City of Troy.

*John A. Lyons,* for defendant Joseph M. Forgue.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur 2d, Labor and Labor Relations § 1238.

Before: Bronson, P. J., and Allen and T. M. Burns, JJ.

Bronson, P. J. Appellant, City of Troy, appeals from dismissal of its complaint for superintending control and summary judgment for appellees and the reinstatement with back pay of appellee Joseph Forgue to the Troy Police Department. The basic facts underlying this dispute are not contested.

Joseph Forgue was employed as a probationary police officer by the City of Troy from June 26, 1975, to June 25, 1976. On June 25, 1976, he was informed by letter from the Troy City Manager that he would not receive permanent employment with the Troy Police Department. The termination notice accompanying the letter cited "unsatisfactory conduct or capacity for permanent employment" as the reason for discharge.

Forgue appealed this action to the Troy Civil Service Commission. The commission held that under 1935 PA 78, § 11,[1] a probationary police officer denied permanent employment at the end of his probationary period was entitled to a § 14[2] hearing at which the city must establish cause for the dismissal. As appellant declined to attempt to show the requisite cause, Forgue was ordered reinstated to permanent employment with back pay.

Appellant then filed a complaint for superintending control and a summary judgment motion[3] in Oakland County Circuit Court, contending that the commission's action was contrary to § 11 of

---

[1] MCLA 38.511; MSA 5.3361.

[2] MCLA 38.514; MSA 5.3364. Appellant contends that even if there is a right to a hearing, it need not be a hearing for cause. We hold that any hearing required under § 11(a) is to be a § 14 hearing at which cause for dismissal must be established by the city.

[3] GCR 1963, 117.2(3).

1935 PA 78. That court affirmed the commission's action, interpreting §§ 11 and 14 to mean that a probationary officer denied permanent employment is entitled to a hearing at which cause for the denial must be established.

Section 11(a) provides in part:

"All original appointments to any positions in the police departments, within the terms of this act, shall be for a probationary period of 1 year after the completion of legally required courses of basic training. *At any time during the probationary period the appointee may be dismissed for such cause, in the manner provided in this act.* If at the close of this probationary term the conduct or capacity of the probationer has not been satisfactory to the appointing officer, the probationer shall be notified within 10 days in writing, that he will not receive permanent appointment, whereupon his employment shall cease; otherwise his retention in the service shall be equivalent to his final appointment. *The probationer shall be entitled to a hearing before the commission as provided in section 14."* (Emphasis added.)

Section 14 provides in part:

"No member of any fire or police department within the terms of this act shall be removed, discharged, reduced in rank or pay, suspended or otherwise punished except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions, and all charges shall be void unless filed within 90 days of the date of the violation, except in the case of a probationer, whose violations may accumulate for the probationary period."

The right to a hearing on dismissal at the end of a probationary period of employment depends on express statutory authority. OAG, 1961–1962, No

4023, pp 462, 464; Kaplan, *The Law of Civil Service,* 230 (Matthew Bender & Co ed, 1958). We hold that the final sentence of § 11(a) provides such statutory authority in clear and unequivocal terms.

Appellant's argument that § 11(a) does not provide for a hearing for cause in this case is twofold. Appellant first contends that the final sentence of § 11(a) gives the hearing right only to probationers discharged *during* the probationary term, but not to probationers discharged at the end of their probationary term. We find no support for this interpretation in the language of § 11. The final sentence of § 11 clearly gives a probationer a right to a hearing: "The probationer shall be entitled to a hearing before the commission as provided in section 14."

The use of the word "probationer" in § 11 is significant. It is used in § 11(a) solely to describe an end-of-term probationary officer; the term "appointee" is used to describe a probationary officer before expiration of the probationary term. One sentence of § 11(a) gives the "appointee" a right to a hearing for cause: "At any time *during the probationary period the appointee* may be dismissed for such cause * * * ." This sentence designates as an "appointee" a probationary officer during the probationary period. But, when § 11(a) discusses an end-of-term probationary officer, the word "probationer" is used: "If *at the end of the probationary* term the conduct or capacity *of the probationer* * * * the probationer* shall be notified." Immediately following this sentence, in which "probationer" refers solely to an end-of-term probationary officer, the final sentence of § 11(a) reads: "The *probationer* shall be entitled to a hearing * * * ." The use of the word "proba-

tioner" in § 11(a) thus indicates that the end-of-term probationary officer is entitled to a § 14 hearing if he is denied permanent employment.

Prior to 1971, § 11 provided:

"If at the close of this probationary term, the conduct or capacity of the probationer has not been satisfactory to the appointing officer, the probationer shall be notified, in writing, that he will not receive permanent appointment, whereupon his employment shall cease; otherwise his retention in the service shall be equivalent to his final appointment: Provided, however, That the probationer shall be entitled to a hearing before the commission as provided in section 14."

The language used expressed more clearly than the present version the probationer's right to a hearing upon dismissal at the end of the probationary period, as the right to a hearing was a proviso to language allowing the dismissal of an end-of-term probationer. The 1971 amendments do not indicate that the Legislature meant to change the probationer's right to a hearing, however. Rather, it appears that the Legislature merely simplified the language of § 11 in the context of other substantive changes in 1935 PA 78.[4] Nothing suggests that the Legislature intended to remove the hearing requirement for dismissal of end-of-term probationers.

Appellant also argues that the lower court's interpretation destroys the statutory distinction between probationary and permanent employees. However, under § 14, there is still a distinction between probationers and permanent employees regarding the accumulation of charges. In fact, the language in § 14 allowing charges against proba-

[4] For example, the probationary period for police officers was extended to one year and the completion of basic training courses was added as a requirement. MCLA 38.511; MSA 5.3361.

tioners to be accumulated until the end of the probationary period ("for the probationary period") would be meaningless unless a probationer had a right to a hearing at that time.

Finally, appellant argues that, as a matter of policy, the City of Troy should be able to discharge end-of-term probationers without demonstrating cause. Our function in this case, however, is to interpret the language of the statute, not to make policy. See *Killingsworth v Civil Service Commission of Saginaw,* 12 Mich App 340, 349; 162 NW2d 826 (1968). Appellant's arguments are more properly directed to the Legislature.[5]

We hold that §§ 11 and 14 of 1935 PA 78, as amended, entitle a probationary police officer denied permanent employment to a hearing at which cause for his dismissal must be established. As no cause was established in the case at bar, the order of the lower court reinstating plaintiff with back pay is affirmed. Costs to defendants-appellees.

[5] We note that a collective bargaining agreement between the City of Troy and the Troy Police Officers' Association, which was made part of the lower court record, provides that "no employee shall be disciplined or discharged except for just cause". "Employee" includes probationary officers who are members of the association. Appellant argues that an end-of-term probationary officer denied permanent employment has not been "discharged". However, appellant's policy argument is undercut by the agreement, under which a probationer denied permanent employment has at least a colorable right to a hearing for cause.