SZYMANSKI v CITY OF WARREN

Docket No. 61173. Submitted December 8, 1982, at Detroit.—Decided
February 8, 1983. Leave to appeal denied, 417 Mich 1100.3.

Mark Szymanski was a probationary police officer with the War-
ren Police Department. He was notified by the police commis-
sioner that his employment was being terminated, based on
unsatisfactory reports. He requested and received a hearing
before the civil service commission. At the hearing he moved to
dismiss the termination notice because he had not been given
written notice of specific charges of misconduct. The commis-
sion ruled that there was no requirement that he be given such
notice and found competent, material and substantial evidence
supporting the termination. He appealed to the Macomb Cir-
cuit Court, alleging lack of notice of specific charges of miscon-
duct and that only the mayor had authority to issue a termina-
tion notice. The court, John G. Roskoff, J., affirmed. He ap-
pealed. *Held:*

1. A police commissioner is a proper "appointing authority"
to issue a termination notice to a probationary policeman
under the firemen and policemen civil service act.

2. The filing of specific charges of misconduct is not a prereq-
uisite to a denial of permanent employment to a probationary
policeman under the firemen and policemen civil service act.
Affirmed.

1. CIVIL SERVICE — POLICE — APPOINTING AUTHORITY.

A police commissioner is a proper "appointing authority" to issue
a termination notice to a probationary policeman under the
firemen and policemen civil service act (MCL 38.501 *et seq.;*
MSA 5.3351 *et seq.).*

2. CIVIL SERVICE — POLICE — NOTICE.

The filing of specific charges of misconduct is not a prerequisite to
a denial of permanent employment to a probationary police-
man under the firemen and policemen civil service act (MCL
38.511; MSA 5.3361).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 15A Am Jur 2d, Civil Service §§ 56, 57.

*Lippitt, Harrison, Friedman & Whitefield* (by *Peter P. Judnick* and *Marc G. Whitefield),* for plaintiff.

*David Greim,* City Attorney, and *David L. Dalenberg,* Assistant City Attorney, for defendant.

Before: D. C. RILEY, P.J., and D. F. WALSH and WAHLS, JJ.

D. F. WALSH, J. Defendant City of Warren Police and Fire Civil Service Commission affirmed the decision of defendant Police Commissioner Charles L. Groesbeck to deny permanent employment to probationary police officer plaintiff Mark Szymanski. On appeal, the circuit court affirmed. Plaintiff now appeals the circuit court decision.

Plaintiff's one-year term as City of Warren probationary police officer began in January, 1980. On January 23, 1981, plaintiff was notified in a personnel order from defendant police commissioner that based on "unsatisfactory reports" and "collective recommendation", he would not receive a permanent appointment.[1] Plaintiff requested a hearing before defendant civil service commission.

---

[1] The notice, in its entirety, read as follows:

"On 1/22/81 Sergeant Albert Ingles, the Department's Training Officer, requested an audience with the undersigned for the purpose of discussing the questionable progress and recommended action to be taken reference to the unsatisfactory probation evaluation reports submitted on the above captioned Probationary Officer, Mark Szymanski, Badge #076, by supervisory officers.

"Pursuant to Sergeant Ingles prementioned request, the undersigned informed him to advise Executive Lieutenant Charles Parks and Inspector Herbert Kauffman of the Patrol Bureau; Inspector John Bahorski of the Administrative Service Bureau and Senior Inspector Gordon Tullock to assemble at my office to collectively cause an assessment of the content of Probationary Officer Mark Szymanski's progress reports and probationary status.

"Following an evaluation of the reports in question, discussion of the follow-up actions previously taken by Officer Szymanski's bureau supervisors and commanding officers and by Training Sergeant Albert

He also requested and received the contents of his personnel file.

At the February 18-19 hearing, plaintiff moved to dismiss the termination notice because he had not been given written notice of specific charges of misconduct. The commission ruled that there was no statutory requirement that a person in plaintiff's position be given such notice. Following the testimony of several witnesses, the commission ruled that there was competent, material and substantial evidence supporting the denial of permanent employment to plaintiff. The commission discerned the following reasons, each relevant to plaintiff's fitness for police work, justifying the police commissioner's decision:

"The first one was the evaluation reports were unsatisfactory, specifically citing that Mark Szymanski suffered from an attitudinal problem towards the job; that he had difficulty in adjusting to the job.

"Secondly, that he lacked good judgment in dealing with the job and with the public, in general. For example, he had an inability, as alleged, to communicate with the public on their level, and that his public relations activities were found to be lacking.

"Next, he had an inability to accept advice, both from

Ingles to make him aware of problem areas of concern, it was concluded that it would serve the best interest of the Warren Police Department to terminate Officer Szymanski's probation at this time.

"Based upon the unsatisfactory reports received and the collective recommendation that Mark Szymanski's employment as a Probationary Officer in the Warren Police Department be terminated. The undersigned hereby orders Probationary Officer Mark Szymanski's dismissal from the Warren Police Department effective 1/23/81. Based upon the short notice involved and the fact that Officer Szymanski did serve the Warren Police Department for one full year, the undersigned recommends that he be provided ten (10) days severance pay in lieu of vacation time earned over the past year and payment in full for the 79-6/8 hours of accumulated overtime banked and payment for such accumulated sick time which he may be privileged to under the city's collective bargaining agreement with the Warren Police Officer's Association."

his superior officers and the more experienced officers to whom he was assigned for training during his probationary period. There was testimony that he was argumentative to that proffered advice, and that he was inattentive to it.

"Next, it was alleged and testified to that Mark Szymanski had an inability to relate to and get along with the other officers to the point where some of the witnesses who testified felt that it had reached serious proportions so as perhaps to create a morale problem.

"And, lastly, that there was a lack of improvement in the evaluation reports over the probationary term from the beginning to the close, after counseling by his superior officers in areas where those reports indicated that Officer Szymanski was deficient."

In his appeal to circuit court plaintiff renewed his objection to the failure of the authorities to provide him with "timely and adequate charges and reasons for termination". He also argued that his discharge was illegal and void because only the mayor, not the police commissioner, had the authority to issue the termination notice.

The circuit court found that there was competent, material and substantial evidence supporting the administrative determination that plaintiff had been denied permanent employment because of his failure to satisfy the expectations of his superiors. The court found no insufficiency in the notice to plaintiff that he would be denied permanent employment "based upon unsatisfactory reports concerning his conduct and his capabilities in the performance of his dutes". And, citing the City of Warren charter, the court ruled that the police commissioner was the proper person to issue the termination notice. Plaintiff challenges these latter rulings on appeal to this Court; we address the rulings in reverse order.

Section 11 of the firemen and policemen civil

service act, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* provides in pertinent part:

"(a) * * * All original appointments to any positions in the police departments, within the terms of this act, shall be for a probationary period of 1 year after the completion of legally required courses of basic training. At any time during the probationary period the appointee may be dismissed for such cause, in the manner provided in this act. *If at the close of this probationary term, the conduct or capacity of the probationer has not been satisfactory to the appointing officer, the probationer shall be notified within 10 days, in writing, that he will not receive permanent appointment, whereupon his employment shall cease; otherwise his retention in the service shall be equivalent to his final appointment. The probationer shall be entitled to a hearing before the commission as provided in section 14.*

"(b) Every position, unless filled by reinstatement, shall be filled only in the following manner: The appointing officer shall notify the civil service commission of any vacancy in the service which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the eligible list, the name of the person who received the highest average at preceding examinations held under the provisions of this act within a period of 2 years next preceding the date of such appointment. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidate, make the appointment so certified. As each subsequent vacancy occurs, precisely the same procedure shall be followed. When an appointment is made under the provisions of this section, it shall be, in the first instance for the probationary period, as provided in this act. *The term 'appointing officer' as used in this act shall be construed to mean the mayor or principal administrative or executive officer in any city, village or municipality."* MCL 38.511; MSA 5.3361.

In § 17 of the act the Legislature has given the

following definition to the term "appointing power":

"The term 'appointing power' includes every person or group of persons who, acting singly or in conjunction, as a mayor, city manager, council, common council, commission, or otherwise, is or are vested by law with power and authority to select, appoint or employ any person to hold any office, place, position or employment subject to civil service." MCL 38.517; MSA 5.3367.

Under the provisions of the City of Warren charter, the police commissioner, who is appointed by the mayor, is the executive director of the police department. The commissioner is designated "the appointing authority" for the police department and is "responsible for the appointment of all division heads and personnel of the department". City of Warren Charter, §§ 7.17, 7.19.

Plaintiff's argument that, pursuant to § 11(b), *supra,* the mayor of the City of Warren is the "appointing officer" for purposes of § 11(a), and that any termination notice to a probationary police officer at the end of his or her term must come from the mayor, is unpersuasive.[2]

In isolation, § 11(b)'s definition of "appointing officer" suggests that only the mayor's evaluation of the probationer's conduct or capacity is relevant under § 11(a). Section 11, however, "does not stand alone. It exists and must be read in context with the entire act * * *." *Arrowhead Development Co v Livingston County Road Comm,* 413 Mich 505, 516; 322 NW2d 702 (1982). Review of the statute as a whole reveals that the terms "appointing officer" and "appointing authority" are used interchange-

[2] The statute does not clearly provide that the notice must come from the appointing officer. For purposes of analysis, we will assume, as do the parties, that such is required.

ably. See, *e.g.,* MCL 38.513; MSA 5.3363. Under § 17's expansive definition of "appointing authority", which comports fully with the provisions of the City of Warren charter, the police commissioner is clearly the person upon whose satisfaction the permanent retention of a probationary police officer is dependent.

In our judgment, the circuit court's ruling is the sole reasonable construction of the act and the sole construction which fully reflects the intent of the Legislature. Defendant police commissioner did not exceed his authority in issuing the termination notice in this case, and plaintiff was deprived of no statutory right by virtue of that procedure.

Plaintiff also argues that he was entitled to a written statement of specific charges of misconduct upon which the appointing authority based his decision not to retain him beyond his probationary term. According to plaintiff, § 14 of the act provides unambiguously for such detailed notice. The termination notice sent to plaintiff speaks only in general terms of "questionable progress", "problem areas of concern", "unsatisfactory reports", and "the collective recommendation that [plaintiff's] employment * * * be terminated". See fn 1, *supra.*

As noted above, § 11 of the act provides that a probationer whose conduct or capacity has not been satisfactory to the appointing officer is entitled to written notice that he or she will not receive permanent employment. The probationer is entitled to a civil service commission hearing "as provided in section 14". See *City of Troy v Troy Civil Service Comm,* 81 Mich App 585; 265 NW2d 759 (1978).

Section 14, MCL 38.514; MSA 5.3364, provides in part that persons shall be employed only during

good behavior and efficient service; that employees may be removed, discharged, suspended or deprived of privileges for various enumerated species of misconduct; that no police department employee may be removed, discharged, demoted, suspended or otherwise punished "except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions". The section further discusses the timeliness of the filing of charges and provides for public hearings, upon request, where a removing officer must justify his or her action. Procedures to be followed at the hearing are discussed in general terms. Discharged employees may appeal adverse decisions to circuit court.[3]

---

[3] MCL 38.514; MSA 5.3364:

"The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges, by the civil service commission, for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office: Provided, however, No member of any fire or police department within the terms of this act shall be removed, discharged, reduced in rank or pay, suspended or otherwise punished except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions, and all charges shall be void unless filed within 90 days of the date of the violation, except in the case of a probationer, whose violations may accumulate for the probationary period. In every case of charges having been made a copy of the statement of reasons therefor and answer thereto, if the person sought to be removed desires to file such written answer, shall be furnished to the civil service commission and entered upon its records. Such answer shall be filed by the member within 5 days after service of the charges upon him. If the person sought to be removed or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of 10 days from the filing of the charges in writing and a written answer thereto. Pending the period between the making of the charges as a basis for removal and the decision thereon by the commission the member shall remain in office. At such hearing the burden shall be upon the removing officer to justify his action. In the event that the removing

We are not persuaded that § 14 provides unam-
biguously that probationary employees who are
not to be given permanent appointment are enti-
tled to detailed notice of specific charges of miscon-
duct. On the contrary, the statutory rights of
probationary employees in plaintiff's position are
set forth in § 11; such probationers are entitled to:
(1) written notice that they will not receive perma-
nent appointment, and, if requested, (2) a civil
service commission hearing concerning the ap-
pointing officer's decision. Section 11's incorpora-
tion of § 14 concerns only the procedures to be
followed at the hearing itself. We agree with the
following observations of the chairman of the City
of Warren Civil Service Commission:

"Section 11 says you shall give a probationer a notice
in writing within ten days [that] he will not receive

officer fails to make charges to the satisfaction of a member or
members of a fire or police department in a city, village or municipal-
ity, such member or members of a fire or police department may
present the information to the civil service commission. In event that
the civil service commission fails to justify the action of the removing
officer then the person sought to be removed shall be reinstated with
full pay for the entire period during which he may have been
prevented from performing his usual employment, and no charges
shall be officially recorded against his record. A written record of all
testimony taken at such hearing shall be kept and preserved by the
civil service commission, which record shall be sealed and not be
available for public inspection, in event that no appeal shall be taken
from the action of the commission. In event that the civil service
commission shall sustain the action of the removing officer the person
removed shall have an immediate right of appeal to the circuit court
of the county wherein the city, village or municipality is situated.
Said appeal shall be taken within 90 days from the entry from the
civil service commission of its final order; upon such an appeal being
taken and docketed with the clerk of the circuit court of said county,
the circuit court shall proceed to hear the appeal upon the original
record taken therein and no additional proof shall be permitted to be
introduced. The circuit court's decision shall be final, saving the
employee, however, the right to petition the supreme court for a
review of the court's decision. The removing officer and the person
sought to be removed shall at all times, both before the civil service
commission and upon appeal, be given the right to employ counsel to
represent either of them before said civil service commission and
upon appeal; should the person removed elect to appeal to the circuit
court as hereinbefore provided."

permanent appointment whereupon his employment will cease. It appears to me * * * that that is the procedure preliminary to the hearing, rather than the preliminaries that are set forth in § 14 where you give written specifications and so on."

At the § 14 hearing, it was incumbent upon defendant police commissioner to establish cause for denial of permanent employment to plaintiff. The applicable standard of "cause" was discussed by this Court in *Harmon v Southfield,* 91 Mich App 731, 734-735; 284 NW2d 170 (1979), *lv den* 408 Mich 862 (1980):

"We agree that the Legislature did not intend a probationary employee be dischargeable only for such cause as would be sufficient to dismiss a tenured employee. 'Probationer' is defined as 'one whose fitness is being tested on a trial basis'. Webster's Third New International Dictionary (1965). A tenured officer has proven his ability to do the job and can only be dismissed for those reasons listed in § 14. A probationary officer, on the other hand, is still undergoing evaluation to see whether he is capable of handling the many responsibilities of police work. Hence, he may be refused permanent employment where he has failed to satisfy his superior's expectations even though his conduct is not so reprehensible as to be grounds for dismissing a tenured officer.

"Of course, as the commission noted, the appointing officer does not have unlimited discretion in denying permanent employment to a probationer. It cannot be denied for arbitrary or capricious reasons nor can the appointing officer engage in racial, sexual or other illegal discrimination."

Thus, a probationer may be denied permanent employment if his or her conduct or abilities have not satisfied the expectations of superior officers. The filing of specific charges of misconduct is not a prerequisite to such denial. Compare, for example, MCL 38.512; MSA 5.3362. The written notice to

plaintiff in this case satisfied the statutory requirements.[4]

Finally, plaintiff's claim that certain department rules and regulations were violated is without merit. Because plaintiff was denied permanent employment under the general standard of cause described in § 11, the rules concerning specific charges of misconduct were inapplicable.

Affirmed.

---

[4] Plaintiff does not claim that adequate cause was not established at the hearing. We note only that such claim would be totally lacking in merit.